STATE of Utah, Plaintiff and Appellee,

v.

Kenneth B. ELLIS, Defendant
and Appellant.

No. 971294–CA.

Court of Appeals of Utah.

Nov. 13, 1998.

Catherine L. Begic and Kimberly A. Clark, Salt Lake Legal Defender Ass'n, Salt Lake City, for Appellant.

Jan Graham, Atty. Gen., and Kenneth A. Bronston, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before DAVIS, P.J., WILKINS, Associate P.J., and BILLINGS, J.

## OPINION

BILLINGS, Judge:

Defendant Kenneth Ellis appeals his conviction for theft from a person, a second degree felony in violation of Utah Code Ann. § 76–6–412(1)(a)(iv) (Supp.1997). Because we conclude our decision is governed by our earlier decision in *State v. Carter*, Case No. 970038 (Utah Ct.App. July 16, 1998) (memorandum decision), we reverse and remand.[1]

## FACTS

On June 27, 1996, defendant and Tommy Carter were both arrested and later charged with Theft from a Person. Defendant and Carter were co-defendants but were represented by different counsel at trial. After both parties had rested, but before the matter was submitted to the jury, counsel for defendant made a Motion to Continue the trial to allow exploration of newly discovered evidence. The trial court denied the motion and both defendants were convicted.

Carter and defendant separately appealed the trial court's denial of their Motion to Continue. Because neither party alerted this court to the simultaneous filing of the two separate appeals, we calendared the two cases on different dates with Carter's set on June 17, 1998, and defendant's set on October 26, 1998.[2] This court reversed and remanded Carter's case in a memorandum decision issued July 16, 1998. We held that the trial court abused its discretion in denying the Motion to Continue, and further concluded that Carter was materially prejudiced by the trial court's denial. Defendant's appeal is now before us and raises the identical issue.

## ANALYSIS

The issue before this court is whether our earlier memorandum decision in

---

1. This court acknowledges and thanks counsel for the State for bringing this prior decision to our attention.

2. It is this court's usual practice to calendar companion cases such as these before the same panel of judges on the same date.

*Carter* controls our decision here under the "law of the case" doctrine. We conclude it does. "Under [this doctrine], one panel of an appellate court will not reconsider matters resolved in a prior appeal [by] another panel in the same case." *Leslie Salt Co. v. United States,* 55 F.3d 1388, 1392 (9th Cir.), *cert. denied* 516 U.S. 955, 116 S.Ct. 407, 133 L.Ed.2d 325 (1995) (citations omitted); *see Falcon v. General Tel. Co.,* 815 F.2d 317, 319–20 (5th Cir.1987) ("Clearly, it would not do well for the morale or credibility of the judiciary to have one panel of Circuit Judges second-guessing another panel from the same circuit on the same question of law in the same case."); *see e.g.,* 18 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 4478 (3rd ed. 1981 & Supp. 1998).

Utah's courts have most frequently applied the law of the case doctrine to situations involving coordinate trial judges. "One branch of what is generally termed the doctrine of 'law of the case' has evolved to avoid the delays and difficulties that arise when one judge is presented with an issue identical to one which has already been passed upon by a coordinate judge in the same case." *Sittner v. Big Horn Tar Sands & Oil Inc.,* 692 P.2d 735, 736 (Utah 1984); *see Trembly v. Mrs. Fields Cookies,* 884 P.2d 1306, 1311 (Utah Ct.App.1994) (stating law of the case doctrine provides that " 'one district court judge cannot overrule another district court judge of equal authority' ") (quoting *Mascaro v. Davis,* 741 P.2d 938, 946 (Utah 1987)).

Further, though *Carter* was an unpublished memorandum decision, Rule 4–605 of the Utah Code of Judicial Administration states that

[u]npublished opinions have no precedential value ... except for purposes of

applying the doctrines of the *law of the case,* res judicata, or collateral estoppel. For purposes of this rule, any memorandum decision ... or other disposition of the Court designated "not for official publication" shall be regarded as an unpublished opinion.

(Emphasis added.)

In *Carter,* this court was faced with the identical facts and legal question before us here, and that panel concluded that the trial court abused its discretion in denying *both* Carter's and defendant's Motion to Continue. Thus, because we are bound by our decision in *Carter,* we reverse and remand.

DAVIS, P.J., and WILKINS, Associate P.J., concur.