2002 UT 13

**STATE of Utah, Plaintiff and Appellee,**

v.

**Javier E. REYES, Defendant and Appellant.**

**No. 990300.**

Supreme Court of Utah.

Jan. 25, 2002.

dure to correct an illegal or improper sentence. The trial court denied the motion.

¶ 2 Reyes now appears before us, ostensibly to appeal the trial court's denial of his pro se motion pursuant to rule 22(e). However, he has not addressed the court's denial of his motion in his brief or at oral argument, and therefore waives the issue. *DeBry v. Cascade Enters.*, 935 P.2d 499, 502 (Utah 1997).

¶ 3 Instead of focusing on the denial of his rule 22(e) motion, Reyes attacks his guilty plea, arguing that the trial court committed plain error by failing to strictly comply with rule 11 of the Utah Rules of Criminal Procedure. We decline to address this issue because we do not have jurisdiction to address it. Section 77–13–6 of the Utah Code was amended in 1989 to require a defendant to file a motion to withdraw a guilty plea within thirty days after the entry of the plea. Utah Code Ann. § 77–13–6 (1999). We have held that failure to do so extinguishes a defendant's right to challenge the validity of the guilty plea on appeal. *See State v. Abeyta*, 852 P.2d 993, 995 (Utah 1993) (noting that "the plea statute limits a defendant's right to withdraw his or her guilty plea to thirty days after entry of the plea" and that "[t]hereafter, the right is extinguished"); *State v. Ostler*, 2001 UT 68, ¶ 10, 31 P.3d 528 (noting that "because *State v. Johnson*, 856 P.2d 1064, 1067 (Utah 1993), requires a defendant to move for a withdrawal in the district court before he can challenge a plea on appeal, his appeal rights on the plea question could be cut off."). Accordingly, because Reyes did not move to withdraw his guilty plea within thirty days after the entry of the plea, we lack jurisdiction to address the issue on appeal.

Mark L. Shurtleff, Att'y Gen., J. Frederic Voros, Jr. Asst. Att'y Gen., Salt Lake City, Carvel R. Harwood, Farmington, for plaintiff.

Scott L. Wiggins, Salt Lake City, for defendant.

HOWE, Chief Justice.

¶ 1 In 1991, defendant Javier E. Reyes was charged with rape of a child, and sodomy of a child, in violation of Utah Code Ann. §§ 76–5–402.1,–403.1 (1999). Pursuant to a plea bargain, he pled guilty to the charge of rape of a child and the court dismissed the sodomy charge. He was sentenced to a term of fifteen years to life and began his incarceration. At no time since has he sought to withdraw his guilty plea. On January 26, 1999, he filed a pro se motion under rule 22(e) of the Utah Rules of Criminal Proce-

¶ 4 Reyes nonetheless argues that under *State v. Marvin*, 964 P.2d 313, 318 (Utah 1998), we can review a guilty plea, regardless of whether a motion to withdraw the plea was filed, if plain error or exceptional circumstances exist. In making this argument, Reyes overlooks the fact that we decided *Marvin* using the pre-amendment version of section 77–13–6, under which the filing of a motion to withdraw a guilty plea was an issue

of preservation, not, as is now the case, an issue of jurisdiction. *Marvin,* 964 P.2d at 318. This court may choose to review an issue not properly preserved for plain error. *See State v. Holgate,* 2000 UT 74, ¶ 11, 10 P.3d 346. It cannot, however, use plain error to reach an issue over which it has no jurisdiction.

¶ 5 We therefore dismiss Reyes' appeal. This court does not have jurisdiction to entertain Reyes' rule 11 arguments. Further, by failing to address on appeal the denial of his rule 22(e) motion, he has waived consideration of that issue.

¶ 6 Associate Chief Justice RUSSON, Justice DURHAM, Justice DURRANT, and Justice WILKINS concur in Chief Justice HOWE'S opinion.