2008 UT App 8

**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert Roy BAKER, Defendant and Appellant.**

No. 20060289–CA.

Court of Appeals of Utah.

Jan. 10, 2008.

Scott L. Wiggins, Salt Lake City, for Appellant.

Mark L. Shurtleff, atty. gen., and Kenneth A. Bronston, asst. atty. gen., Salt Lake City, for Appellee.

Before GREENWOOD, P.J., McHUGH and ORME, JJ.

## MEMORANDUM DECISION

ORME, Judge:

¶ 1 Defendant Robert Roy Baker claims that his trial attorney rendered ineffective assistance during the course of sentencing. Defendant, however, is precluded from raising that issue in this appeal because this court previously ruled on the matter in an earlier appeal brought by Defendant. *See generally State v. Baker,* 2007 UT App 35U, 2007 WL 416682 (per curiam), *cert. denied,* 168 P.3d 1264 (Utah 2007).

¶ 2 "[R]es judicata ... refer[s] to the overall doctrine of the preclusive effects to be given to judgments. [It] has two branches: claim preclusion and issue preclusion." *Brigham Young Univ. v. Tremco Consultants, Inc.,* 2005 UT 19, ¶ 25, 110 P.3d 678 (citations and internal quotation marks omitted). "Claim preclusion involves the same parties or their privies and the same cause of action. It precludes the relitigation of all issues that could have been litigated as well as those that were, in fact, litigated in the prior action." *Buckner v. Kennard,* 2004 UT 78, ¶ 12, 99 P.3d 842 (citation and internal quotation marks omitted). "In contrast, issue preclusion, also known as collateral estoppel, arises from a different cause of action and prevents parties or their privies from relitigating facts and issues in the second suit that were fully litigated in the first suit." *Id.* (citation and internal quotation marks omitted). "In effect, once a party has had his or her day in court and lost, he or she does not get a second chance to prevail on the same issues." *Id.*

¶ 3 The State suggests that "Utah's appellate courts have not yet applied the doctrine of collateral estoppel in a criminal case." The Utah Supreme Court, however, has declared that "[r]es judicata is an affirmative

defense in both criminal and civil cases[.]" *State v. Perank*, 858 P.2d 927, 931 n. 3 (Utah 1992). *See State v. Byrns*, 911 P.2d 981, 984 (Utah Ct.App.1995) ("The secondary aspect of the Double Jeopardy Clause, collateral estoppel, protects criminal defendants from having to relitigate issues that have been resolved in their favor by a valid and final judgment. Under collateral estoppel principles, the pretrial disposition of a case in a prior prosecution may be sufficient to bar a subsequent prosecution.") (citations omitted). And in a number of criminal cases, Utah's appellate courts have in fact employed the doctrines of res judicata, claim preclusion, and issue preclusion/collateral estoppel. *See, e.g., State v. Garner*, 2005 UT 6, ¶¶ 8–10, 106 P.3d 729 (applying the claim preclusion branch of res judicata in a criminal case); *State v. Rudolph*, 970 P.2d 1221, 1231–32 (Utah 1998) (addressing whether collateral estoppel precluded the defendant's aggravated burglary conviction when one of the burglary elements was intent to commit sexual assault and the jury had acquitted him on the sexual assault charge); *State v. Schreuder*, 712 P.2d 264, 273 (Utah 1985) (declining to address on appeal "whether the defendant's right to due process was violated" because the issue was previously decided by the Utah Supreme Court in the defendant's earlier appeal and "[t]hat issue [wa]s therefore res judicata"); *State v. Mortensen*, 27 Utah 16, 74 P. 120, 121 (1903) ("The same questions now presented having been before this court on the former appeal, and having been considered and decided on that occasion under facts of the same character, they must now be regarded as res judicata."). *See also State v. Galli*, 967 P.2d 930, 937 (Utah 1998) (declining to decide whether the trial court erred in concluding that collateral estoppel applied to prevent relitigation of a suppression issue because any such error would be harmless); *State v. Ellis*, 969 P.2d 1053, 1053–54 (Utah Ct.App.1998) (applying the "law of the case" doctrine).

¶ 4 We take this opportunity to clarify that both branches of res judicata, i.e., claim preclusion and issue preclusion/ collateral estoppel, as well as the related "law of the case" doctrine, may properly be utilized in criminal as well as civil actions, whether at the trial or appellate stage. *See Garner*, 2005 UT 6, ¶¶ 8–10, 106 P.3d 729; *Rudolph*, 970 P.2d at 1231–32; *Perank*, 858 P.2d at 931 n. 3; *Schreuder*, 712 P.2d at 273; *Mortensen*, 74 P. at 121. *See also Sealfon v. United States*, 332 U.S. 575, 578, 68 S.Ct. 237, 92 L.Ed. 180 (1948) ("[R]es Judicata may be a defense in a second prosecution. That doctrine applies to criminal as well as civil proceedings and operates to conclude those matters in issue which the verdict determined though the offenses be different.") (citations omitted); *United States v. Oppenheimer*, 242 U.S. 85, 88, 37 S.Ct. 68, 61 L.Ed. 161 (1916) (" 'Where a criminal charge has been adjudicated upon by a court having jurisdiction to hear and determine it, that adjudication, whether it takes the form of an acquittal or conviction, is final as to the matter so adjudicated upon, and may be pleaded in bar to any subsequent prosecution for the same offence.... In this respect the criminal law is in unison with that which prevails in civil proceedings.' ") (citation omitted) (omission in original).

¶ 5 We conclude that Defendant is collaterally estopped from raising ineffective assistance of counsel for a second time during this appeal because the four requirements of issue preclusion/collateral estoppel are clearly met: Defendant was a party in the prior action; the ineffective assistance of counsel issues raised in both appeals are identical;[1]

---

1. Defendant's arguments in both appeals are essentially identical. The only difference of note, besides a few phraseology changes, is his discussion of the trial court's statement that a psychosexual evaluation was not required in cases involving mandatory commitments. In the first appeal, Defendant argued that "[t]he possible penalty ... did not involve a minimum mandatory sentence" and, therefore, his counsel should have corrected the trial court and insisted that a psychosexual evaluation be performed. In this appeal, he argues that even though his penalty involved a minimum mandatory sentence, "there [wa]s no evidence or authority supporting" the trial court's statement and, therefore, his counsel should have corrected the trial court and insisted that a psychosexual evaluation be performed. This difference does not change Defendant's overall argument that his counsel should have corrected the trial court and requested that such an evaluation be performed prior to sentencing. Thus, the issue

the parties "completely, fully, and fairly litigated" the ineffective assistance of counsel issue in the prior appeal; and the memorandum decision in the prior appeal "resulted in a final judgment on the merits." *Brigham Young Univ.*, 2005 UT 19, ¶ 27, 110 P.3d 678.

¶ 6 Defendant argues that collateral estoppel does not apply "because the issue arises under a different set of facts upon which totally different charges were pursued and which resulted in a different sentence being imposed by the district court." We disagree. While some of the facts underlying the various charges might have been different, the same legal issue presented on appeal in the companion case is presented in this appeal. Moreover, in both appeals, Defendant's arguments regarding his trial counsel's allegedly deficient performance are based on the same actions, or inactions, of counsel during a single sentencing hearing.

¶ 7 We also disagree with Defendant's assertion that "[t]he fact that the district court ... imposed an illegal sentence ... further demonstrates a significant difference between this and the so called companion case." Defendant pled guilty to different crimes with different sentencing schemes, and whether a different sentence was imposed for each different crime has no bearing on our analysis. The imposition of an illegal sentence might have created a difference in the ineffective assistance of counsel issue currently before us if Defendant had argued that his counsel's actions caused the illegal sentence to be entered and he was thereby prejudiced by that illegal sentence. Defen-

dant, however, does not raise this contention. Rather, he only argues that his counsel's alleged errors prevented the trial court from considering important information, allowed the trial court to consider inaccurate information, and caused him prejudice because the trial court entered consecutive rather than concurrent sentences. These are exactly the same arguments, based on the same actions or inactions of his trial attorney, that Defendant raised in the previous appeal and that this court considered and on which it ruled. Moreover, the trial court's entry of a sentence of ten years to life instead of five years to life reflects a readily correctable self-standing error rather than a more deeply flawed judicial decision that was the product of trial counsel's arguments or lack thereof.[2] Accordingly, this issue is without merit.

¶ 8 Finally, Defendant requests that we remand to the trial court to correct the illegal sentence imposed for aggravated sexual abuse of a child, and the State concedes that the sentence was illegal. Accordingly, we remand to the trial court to correct the sentence.

¶ 9 WE CONCUR: PAMELA T. GREENWOOD, Presiding Judge, CAROLYN B. McHUGH, Judge.

raised is identical: whether Defendant's counsel's performance fell below an objective standard of reasonableness when counsel failed to object to or correct the trial court's allegedly inaccurate statement regarding psychosexual evaluations. Moreover, the analysis in *State v. Baker*, 2007 UT App 35U, 2007 WL 416682 (per curiam), *cert. denied*, 168 P.3d 1264 (Utah 2007), governs this claimed error because psychosexual evaluations are not mandatory, *see State v. Thorkelson*, 2004 UT App 9, ¶ 11, 84 P.3d 854, and because Defendant did not iden-

tify what potentially mitigating evidence-not already before the trial court-a psychosexual evaluation would have revealed that might have affected the trial court's decision, *see Baker*, 2007 UT App 35U, para. 3.

2. The sentence recommended in the plea agreement for aggravated sexual abuse of a child was five years to life, based on Utah Code section 76–5–404.1(5) as then phrased. *See* Utah Code Ann. § 76–5–404.1(5) (2003).