2011 UT App 356

**STATE of Utah, Plaintiff and Appellee,**

v.

**Willis Legrand LEE III, Defendant and Appellant.**

**No. 20090652–CA.**

Court of Appeals of Utah.

Oct. 20, 2011.

Kenneth L. Combs, St. George, for Appellant.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges DAVIS, McHUGH, and ROTH.

## MEMORANDUM DECISION

DAVIS, Presiding Judge:

¶ 1 Willis Legrand Lee III presents three arguments on appeal: (1) that his Sixth Amendment rights were violated when the trial court failed to conduct the proper colloquy in response to his request for new court-appointed counsel; (2) that the court failed to comply with the requirements of rule 11(e) of the Utah Rules of Criminal Procedure when entering Lee's guilty plea to forcible sexual abuse, a second degree felony, *see* Utah Code Ann. § 76–5–404 (Supp.2011);[1] and (3) that he received ineffective assistance of trial counsel because counsel failed to move to withdraw Lee's guilty plea, pressured Lee into making a guilty plea, failed to inform the court of Lee's incompetency at the time of plea and sentencing, and permitted the court to impose a sentence that was illegal under rule 22(e) of the Utah Rules of Criminal Procedure. We affirm.

¶ 2 Utah Code section 77–13–6(2) requires that "[a] request to withdraw a plea of guilty ... be made by motion before sentence is announced" and provides that "[a]ny challenge to a guilty plea not made [before sentence is announced] shall be pursued under Title 78B, Chapter 9, Post–Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure [regarding post-conviction relief]." *Id.* § 77–13–6(2)(b)–(c) (2008). Lee's failure to petition to withdraw his guilty plea before his sentence was announced strips this court of jurisdiction to review the validity of the plea, *see State v. Ott,* 2010 UT 1, ¶ 18, 247 P.3d 344 ("[F]ailure to withdraw a guilty plea within the time frame dictated by section 77–13–6 deprives the trial court and appellate courts of jurisdiction to review the validity of the plea."), *cert. denied,* —— U.S. ——, 131 S.Ct. 1472, 179 L.Ed.2d 360 (2011); *see also State v.*

---

1. To aid the reader, we cite the current version of this statute and note that it has not been substantively altered since Lee's actions.

*Merrill,* 2005 UT 34, ¶¶ 13–20, 114 P.3d 585 (clarifying the jurisdictional nature of Utah Code section 77–13–6). The majority of Lee's arguments constitute challenges to the validity of the guilty plea: his argument that the trial court failed to properly investigate his pre-plea complaint that his attorney coerced him to plead guilty,[2] his argument that the trial court failed to strictly comply with rule 11(e) in accepting his guilty plea, and his ineffective assistance of counsel arguments regarding coercion and counsel's failure to file a timely motion to withdraw the plea. These arguments must be pursued under the Post–Conviction Remedies Act (PCRA), *see* Utah Code Ann. § 77–13–6(2)(c). *See generally id.* § 78B–9–101 to –110 (2008 & Supp.2011). Although Lee argues that his failure to timely withdraw his guilty plea in accordance with Utah Code section 77–13–6(2) was a result of his counsel's ineffective assistance, the jurisdictional bar prohibits review of a guilty plea even when the defendant's "failure to timely withdraw his guilty plea . . . is styled as a claim of ineffective assistance of counsel." *See Ott,* 2010 UT 1, ¶ 18, 247 P.3d 344 (internal quotation marks omitted); *cf. State v. Reyes,* 2002 UT 13, ¶¶ 3–4, 40 P.3d 630 (holding that the jurisdictional bar applied when a defendant attacked his guilty plea on plain error grounds because the reviewing court cannot "use plain error to reach an issue over which it has no jurisdiction").

¶ 3 Not barred by Utah Code section 77–13–6(2), however, are Lee's ineffective assistance arguments that trial counsel failed to inform the court of Lee's incompetency at the time of his plea and sentencing and that this failure, in combination with counsel's ineffectiveness throughout the representation, ultimately caused the trial court to impose a sentence that was illegal under rule 22(e) of the Utah Rules of Criminal Procedure.[3]

> With respect to any ineffectiveness claim, a defendant must first demonstrate that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment. Second, the defendant must show that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case. The first prong of the *Strickland* standard further requires that a defendant rebut the strong presumption that under the circumstances, the challenged action might be considered sound trial strategy.

*State v. Litherland,* 2000 UT 76, ¶ 19, 12 P.3d 92 (citing *Strickland v. Washington,* 466 U.S. 668, 687–88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (additional citation and internal quotation marks omitted). "If a rational basis for counsel's performance can be articulated, we will assume counsel acted competently." *State v. Tennyson,* 850 P.2d 461, 468 (Utah Ct.App.1993). Furthermore, "[i]f either prong of the *Strickland* test is not established, defendant's claim will fail." *Id.* at 466.

**2.** Lee's pre-plea complaint was given in the form of a letter addressed to the trial judge. In the letter, Lee alluded to "quite a few inciden[ts] which border on conflict of interest" but focused primarily on Lee's belief that trial counsel was "trying to coerce [him] into accepting a plea bargain which [Lee] believe[d was] neither just [n]or fair." *Cf. State v. Pursifell,* 746 P.2d 270, 273–74 (Utah Ct.App.1987) (explaining that the trial court's failure to delve into the secondary issue raised by the defendant in his request seeking new court-appointed counsel "was not reversible error in view of the emphasis defendant placed on his other concern"). Though demonstration of a conflict of interest is considered "good cause," mandating substitution of counsel, *see id.* at 274, we nonetheless believe that Lee's conflict of interest complaint ultimately supports his challenge to the validity of the guilty plea. Therefore, both the coercion and conflict arguments in his letter can be properly addressed under the Post–Conviction Remedies Act. *See* Utah Code Ann. § 78B–9–104(1)(d) (Supp.2011) (listing ineffective assistance of counsel as a ground for relief under the Post–Conviction Remedies Act).

**3.** Specifically, Lee argues that his sentence is illegal because it resulted from the combined effects of his history of substance abuse, which he claims rendered him incompetent while entering his plea; trial counsel's coercing him to plead guilty; the trial court's failure to properly address Lee's pre-plea complaint about his attorney; and the trial court's failure to properly conduct the plea colloquy. For the reasons explained previously, *see supra* ¶ 2, we do not address Lee's arguments regarding counsel's coercion or the plea colloquy and focus solely on Lee's claims of ineffectiveness based on his own incompetency.

¶ 4 Additionally, a defendant will be considered incompetent

if he is suffering from a mental disorder or mental retardation resulting either in:

(1) his inability to have a rational and factual understanding of the proceedings against him or of the punishment specified for the offense charged; or

(2) his inability to consult with his counsel and to participate in the proceedings against him with a reasonable degree of rational understanding.

Utah Code Ann. § 77–15–2 (2008). In the absence of a competency petition, "the trial court ha[d] no statutory duty to order a competency hearing" unless "there was a substantial question of possible doubt as to [Lee's] competence either when he pled guilty," *State v. Arguelles*, 2003 UT 1, ¶¶ 49–50, 63 P.3d 731 (internal quotation marks omitted), or during sentencing, assuming he had a right to be competent during sentencing.

¶ 5 To establish his incompetency, Lee refers to his mother's testimony at sentencing explaining how Lee had been hospitalized several times for a drug overdose and alcohol detoxification following the crime for which he was sentenced. Lee argues his claim is further substantiated by trial counsel's request that Lee receive sex offender therapy and substance abuse counseling as part of his sentence. In other words, Lee propounds that his history of substance abuse is evidence that he was incompetent when giving his guilty plea and during sentencing, and that trial counsel's request during sentencing that Lee receive therapy demonstrates that counsel was aware of Lee's incompetence at that time. Therefore, Lee contends that his counsel's failure to address his competency, request a competency hearing, or otherwise raise the matter to the trial court rendered trial counsel's assistance ineffective.

¶ 6 However, the transcripts of the proceedings in the trial court do not indicate Lee's behavior was anything out of the ordinary, nor do Lee's statements reflected in those transcripts raise "a substantial question of possible doubt as to [Lee's] competence," *see id.* ¶ 50 (internal quotation marks omitted). The trial judge confirmed that Lee appeared to be competent when he entered his guilty plea.[4] Additionally, during sentencing, Lee admitted to needing "intensive ... alcohol treatment" and coherently expressed his remorse for "what happened" and his desire for all involved to begin the healing process and "move forward with their lives." The letter Lee earlier sent to the trial judge expressing his dissatisfaction with his appointed trial counsel is equally articulate, coherent, and well put together. In light of this evidence, we are not convinced that trial counsel should have suspected that Lee was incompetent. We are also not prepared to make the logical leap necessary to conclude that Lee's tendency toward substance abuse automatically rendered him incompetent.

¶ 7 Ineffective assistance of counsel will not be found where "there are plausible reasons for everything [counsel] did or did not do." *United States v. Claiborne*, 870 F.2d 1463, 1469 (9th Cir.1989). The "plausible reason" here is that, on the record before us, trial counsel had no basis to suspect Lee was incompetent. We therefore conclude that trial counsel's conduct did not fall "below an objective standard of reasonable professional judgment," *see Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92, and counsel was therefore not ineffective for failing to request a competency hearing or otherwise bring Lee's competency to the court's attention. *See generally Tennyson*, 850 P.2d at 466 (noting that failure on either prong of the *Strickland* analysis will defeat a defendant's claim).

¶ 8 Lee also argues that his sentence was illegal under rule 22(e) of the Utah Rules of Criminal Procedure. "When a sentence is patently illegal, an appellate court can vacate the illegal sentence without first remanding the case to the trial court, even if the matter was never raised before." *State v. Brooks*, 908 P.2d 856, 860 (Utah 1995).

4. The appropriateness of the colloquy conducted is an issue Lee raises, but we do not address it for reasons explained previously, *see supra* ¶ 2.

"[B]ecause an illegal sentence is void," the issue can be raised at any time, and therefore "rule 22(e) claims must be narrowly circumscribed to prevent abuse." *State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008 (internal quotation marks omitted). An illegal sentence is distinguishable from "an ordinary or run-of-the mill error[ ] regularly reviewed on appeal under rule 4(a) of the Utah Rules of Appellate Procedure." *State v. Dana*, 2010 UT App 374, ¶ 5, 246 P.3d 756 (alteration in original) (internal quotation marks omitted). In general, "[a] 'patently' or 'manifestly' illegal sentence [is one] . . . (1) where the sentencing court has no jurisdiction, . . . (2) where the sentence is beyond the authorized statutory range," *id.* (emphasis and additional internal quotation marks omitted), or (3) where the sentence is unconstitutional, *see Candedo*, 2010 UT 32, ¶ 11, 232 P.3d 1008.

¶ 9 Lee claims that "the definition of an illegal sentence includes a sentence that was imposed due to the actions of the defendant's attorney."[5] Lee then argues that his counsel's various failures in the trial court necessarily rendered Lee's sentence illegal. Specifically, Lee argues that trial counsel's failure "to alert the court [to the] obvious concern of Lee's state of mind, particularly in light of Lee's mother's testimony concerning his prior behavior and welfare," was an abuse of Lee's right to "allocution" provided by rule 22(a) of the Utah Rules of Criminal Procedure, *see State v. Wanosik*, 2003 UT 46, ¶ 18, 79 P.3d 937 ("Rule 22(a) codifies the common-law right of allocution, allowing a defendant [or an attorney on a defendant's behalf] to make a statement in mitigation or explanation after conviction but before sentencing."); *see also State v. Maestas*, 2002 UT 123, ¶ 48, 63 P.3d 621 ("Allocution is an inseparable part of the right to appear and defend in person guaranteed by the Utah Constitution." (internal quotation marks omitted)). Rule 22(a) provides, "Before imposing sentence the court shall afford the defendant an opportunity to make a statement and to present any information in mitigation of punishment, or to show any legal cause why sentence should not be imposed." Utah R.Crim. P. 22(a).

¶ 10 Lee's argument presumes that he had a right to be competent during sentencing and that trial counsel's failure to address his competency while speaking on Lee's behalf during the sentencing hearing constituted ineffective assistance. Assuming, without deciding, that Lee had a right to be competent during sentencing, we have previously determined that the record does not support Lee's claim that he was incompetent at that time, *see supra* ¶ 6. Indeed, Lee's eloquence during sentencing suggests he was anything but incompetent. *Cf.* Utah Code Ann. § 77–15–2 (2008) (defining incompetence as a defendant's "inability to have a rational and factual understanding of the proceedings against him or of the punishment specified for the offense charged"). Therefore, we agree with the State's conclusion that "given the paucity of evidence to support [Lee]'s allegation that he was incompetent at sentencing, [Lee]'s claim of incompetency appears to be no more than a veiled attack on his guilty plea." Furthermore, "review is barred when the 'conviction' being challenged is in the form of a guilty plea and the defendant attempts to withdraw that plea using a rule 22(e) challenge," *State v. Nicholls*, 2006 UT 76, ¶ 5, 148 P.3d 990 (2006) (holding that "rule 22(e) is an improper avenue of relief for [a d]efendant's claims" when the appeal "is a challenge to [the] guilty plea based on [the defendant's] alleged 'seriously impaired mental state' at the time of the plea").[6]

---

5. For support, Lee cites *State v. Baker*, 2008 UT App 8, 176 P.3d 493 (mem.), which states in dicta, "The imposition of an illegal sentence might have created a difference in the ineffective assistance of counsel issue currently before us if Defendant had argued that his counsel's actions caused the illegal sentence to be entered and he was thereby prejudiced by that illegal sentence," *id.* ¶ 7. Because we have determined that trial counsel's representation regarding Lee's competency did not constitute ineffective assistance, we do not address the import of this authority.

6. Not only is Lee's rule 22(e) argument improper, *see State v. Nicholls*, 2006 UT 76, ¶ 5, 148 P.3d 990, it is also unavailing. Our jurisprudence defines "illegal sentence" narrowly under rule 22(e) to purposefully limit the scope of its application to those sentences that are "patently" or "manifestly" illegal. *See State v. Candedo*, 2010 UT 32, ¶ 9, 232 P.3d 1008. Sentences that are unconstitutional are among the three aforementioned types of sentences that will likely be deemed patently or manifestly illegal. A deter-

¶ 11 Accordingly, Lee's sentence is affirmed.

¶ 12 WE CONCUR: CAROLYN B. McHUGH, Associate Presiding Judge and STEPHEN L. ROTH, Judge.

mination that Lee's counsel was ineffective at sentencing would constitute a deprivation of Lee's constitutional right to counsel at sentencing and require further analysis under rule 22(e), *see* Utah Const. art. 1, § 12; *accord Kuehnert v. Turner,* 28 Utah 2d 150, 499 P.2d 839, 840 (1972) (explaining "the necessity of the presence of counsel at the time of sentencing"). However, because we do not believe that Lee has shown that his trial counsel was ineffective at sentencing, we have no basis to delve further into the rule 22(e) analysis.