2019 UT App 21

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
SANDRA DEE BRUHN,
Appellant.

Opinion
No. 20160382-CA
Filed February 7, 2019

Fourth District Court, Nephi Department
The Honorable Jennifer A. Brown
No. 141600121

Nathan Phelps, Attorney for Appellant

Sean D. Reyes and Jeffrey S. Gray, Attorneys
for Appellee

JUDGE DIANA HAGEN authored this Opinion, in which
JUDGES JILL M. POHLMAN and RYAN M. HARRIS concurred.

HAGEN, Judge:

¶1     Sandra Dee Bruhn appeals her convictions for possession of a controlled substance and operating or riding in a motor vehicle with an open container. Bruhn contends that her trial counsel provided ineffective assistance and requests that we reconsider our prior denial of her rule 23B motion to remand to the district court for fact-finding.

¶2     In her rule 23B motion, Bruhn argues that, because her trial counsel was aware that Bruhn could not remember the details of the events surrounding her criminal charges, he provided ineffective assistance by failing to request a competency evaluation before trial. Because knowledge of Bruhn's memory loss alone did not require her trial counsel, under the facts of this case, to request a competency evaluation

and Bruhn has alleged no other facts that would have suggested that she was incompetent to stand trial, we decline to reconsider our denial of her rule 23B motion. And because Bruhn has conceded that she cannot prevail on appeal without a rule 23B remand, we affirm her convictions.

BACKGROUND

¶3 Two individuals were involved in a single-vehicle accident. When law enforcement arrived on the scene of the accident, they discovered a woman "inside the vehicle over on the passenger side in the front seat" and a man who "appeared to have been ejected [from the vehicle] that was lying on the left side of the vehicle towards the back of it" who later identified himself as the driver. After the driver and the woman were transported to the hospital, law enforcement searched the interior of the vehicle and the scattered debris. Documents in the vehicle glovebox identified Bruhn as the registered owner of the vehicle. Bruhn's driver license was also found in a purse in the debris, identifying Bruhn as the woman found in the passenger side of the wrecked vehicle.

¶4 In Bruhn's purse, an officer discovered a purple latex glove with the open end tied in a knot. In the process of removing the glove from the purse, the officer felt a crystal substance inside the glove. Suspecting that the crystal substance was methamphetamine, he cut the glove open and performed a field test that confirmed his suspicion.

¶5 In another bag found at the scene, law enforcement discovered three "dime baggies" of methamphetamine, a pipe for smoking methamphetamine, a prescription bottle of Metadate pills,[1] a small baggie of marijuana, and a pipe for

---

1. Metadate is a brand name for the prescription drug methylphenidate, a central nervous system stimulant used to

(continued…)

smoking marijuana. Among the debris around the wrecked car, officers also discovered an open container of alcohol inside a bag, plastic baggies and latex gloves inside another bag, and a prescription bottle of methylphenidate pills. According to the labels on both bottles of prescription pills, neither had been prescribed to Bruhn.

¶6 Based on the drugs, drug paraphernalia, and open container discovered at the accident scene, the State charged Bruhn with possession of methamphetamine, possession of Metadate, possession of methylphenidate, possession of marijuana, and operating or riding in a motor vehicle with an open container. Bruhn and the driver were tried together.

¶7 During opening statements, Bruhn's trial counsel told the jury that Bruhn "was seriously injured in [the] accident" and, as a result, "she lost a lot of her memory and not a lot of [it] . . . has returned to her." Her trial counsel added that Bruhn "is going to be listening to what transpires today, look[ing] at the exhibits, and then she'll make a determination as to whether or not she can remember anything that she can offer to you by way of testimony." Bruhn ultimately chose not to testify. In closing argument, Bruhn's trial counsel again referenced Bruhn's memory loss and her injuries from the accident, stating, "I can tell you that Sandra Bruhn has gone through a lot on this, I've indicated that she couldn't testify because there is a lot of her memory that is gone from the accident." He urged the jury to "not assume that she knew what was in those bags just because her driver's license was in there" and suggested that there were questions regarding possession that "it would have been

---

(…continued)
treat conditions such as attention deficit hyperactivity disorder. National Capital Poison Center, *ADHD Drugs: An Overview*, https://www.poison.org/articles/2011-dec/adhd-drug-overview [https://perma.cc/49T4-UKM4].

[helpful] to have been able to answer but we cannot." At the conclusion of the trial, the jury convicted Bruhn of all charges.

¶8     After trial but before sentencing, Bruhn submitted a letter to the district court in which she "admit[ted] possession of meth, possession of marijuana, and possession of the prescriptions." At her sentencing hearing, Bruhn stated that she was prepared to "take accountability" for her actions and admitted that she moved her identification into the purse "with all of the drugs." Bruhn also stated that she appeared to behave differently at sentencing than she had during her initial court appearances because she had previously been suffering from pneumonia. The district court sentenced Bruhn to prison and recommended that she receive substance abuse treatment while incarcerated.

¶9     Bruhn appealed her convictions, arguing that her trial counsel provided ineffective assistance of counsel in failing to request a competency evaluation prior to trial. Shortly after this court set a briefing schedule, Bruhn filed a petition for inquiry into competency on appeal in the district court and sought a stay in this court. This court granted her motion for a stay and the district court subsequently determined that Bruhn was competent to proceed on appeal.

¶10    Bruhn then filed a rule 23B motion to remand for fact-finding on her ineffective assistance of counsel claim, arguing that trial counsel "provided ineffective assistance of counsel by failing to seek a competency evaluation [before trial] . . . and that ineffective assistance prejudiced [Bruhn] because it almost certainly allowed her to be convicted in an incompetent state [of mind]." Attached to the rule 23B motion was an affidavit from Bruhn and an affidavit from a psychologist. In Bruhn's affidavit, she stated, "After the accident, I suffered from memory problems. I had extreme difficulty remembering details of events throughout my life, and especially events immediately preceding the accident." She added, "I told my [trial counsel] about my memory issues" and "[a]t the time of trial, I still had memory problems." In a separate affidavit, the psychologist

stated, "I believe there is a substantial probability that I would have found [Bruhn] *incompetent* at [the time of trial]" because "[t]he physical and psychological issues that still afflict [Bruhn] . . . were present with greater severity [at the time of trial], as she had received a recent head injury, plus was not properly medicated and not receiving the medical care she needed."

¶11  We denied Bruhn's rule 23B motion because she had "failed to allege nonspeculative facts, which, if true, would demonstrate that her trial counsel's performance was deficient or that she was prejudiced by potential deficient performance." *See* Utah R. App. P. 23B.


ISSUE AND STANDARD OF REVIEW

¶12  Bruhn contends that her trial counsel provided ineffective assistance in failing to request a competency evaluation on her behalf. "When a claim of ineffective assistance of counsel is raised for the first time on appeal, there is no lower court ruling to review and we must decide whether the defendant was deprived of the effective assistance of counsel as a matter of law." *State v. Robertson*, 2018 UT App 91, ¶ 21, 427 P.3d 361 (quotation simplified).


ANALYSIS

¶13  Bruhn argues that her trial counsel should have requested a competency evaluation because counsel was aware that Bruhn "continued to suffer from memory loss more than a year after a traumatic automobile accident," and that his failure to do so constituted ineffective assistance of counsel. In making this argument, Bruhn concedes that her ineffective assistance of counsel claim "requires a remand under rule 23B to succeed" and asks that we reconsider our prior denial of her rule 23B motion. But even taking the facts in Bruhn's rule 23B motion and

accompanying affidavits to be true, Bruhn cannot show that her trial counsel provided ineffective assistance.

¶14 Rule 23B "provides a mechanism for criminal defendants to supplement the record with facts that are necessary for a finding of ineffective assistance of counsel but which do not appear in the record." *State v. Griffin*, 2015 UT 18, ¶ 17. To show that she is entitled to a rule 23B remand, a criminal defendant must make a motion containing a "nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective." Utah R. App. P. 23B.

¶15 Here, the factual allegations in Bruhn's motion, even if true, would not support a determination that her trial counsel's performance was deficient. To show that her trial counsel rendered deficient performance, Bruhn "must overcome the strong presumption that counsel rendered constitutionally sufficient assistance by showing that counsel's conduct 'fell below an objective standard of reasonableness under prevailing professional norms.'" *Lafferty v. State*, 2007 UT 73, ¶ 12, 175 P.3d 530 (citation omitted) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). In evaluating whether the assistance provided by counsel was deficient, courts should consider "all the circumstances," *id.* (quotation simplified), and determine whether counsel "made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment," *State v. Von Niederhausern*, 2018 UT App 149, ¶ 26, 427 P.3d 1277 (quotation simplified).

¶16 We have previously acknowledged that counsel does not perform deficiently by failing to file a competency petition if he "had no basis to suspect [the defendant] was incompetent." *State v. Lee*, 2011 UT App 356, ¶ 7, 264 P.3d 239. Rather, counsel performs deficiently by failing to request a competency evaluation only if counsel has reason to know that the defendant lacks "a rational and factual understanding of the proceedings . . . or of the punishment specified for the offense charged," or

has an "inability to consult with . . . counsel and to participate in the proceedings . . . with a reasonable degree of rational understanding." *See* Utah Code Ann. § 77-15-2 (LexisNexis 2014)[2]; *see also United States v. Dubrule*, 822 F.3d 866, 881 (6th Cir. 2016) ("Counsel's failure to request the trial court to order a hearing or evaluation on the issue of the defendant's competency might render counsel's performance objectively unreasonable, provided there are sufficient indicia of incompetence to give objectively reasonable counsel reason to doubt the defendant's competency." (quotation simplified)).

¶17 Even accepting the facts alleged in Bruhn's rule 23B motion as true, we are not persuaded that her trial counsel or all objectively reasonable counsel would have had a sufficient basis to suspect that she was incompetent. Bruhn claims that she was incompetent at the time of trial based on both her memory loss and the other "physical and psychological issues" referenced by the psychologist in her affidavit. Because Bruhn's attorney had no reason to believe that her memory loss impaired her ability to assist in her defense and was not aware of any other indicia of incompetency, we conclude that it was not unreasonable for her attorney to forgo requesting a competency evaluation in this case.

¶18 A defendant's abilities to "disclose to counsel pertinent facts, events, and states of mind" and to "testify relevantly" are among the factors that bear on a defendant's competence. Utah Code Ann. § 77-15-5(4)(a) (LexisNexis 2014). However, the inability to remember the details surrounding the charged crime does not necessarily suggest an inability to "consult with . . . counsel and to participate in the proceedings . . . with a

---

2. Because Bruhn's trial took place in December 2015, we cite to the version of the Utah Code of Criminal Procedure that was in effect at that time.

reasonable degree of rational understanding."[3] *Id.* § 77-15-2(2). In her rule 23B motion, Bruhn alleges that she "could not recount

---

3. We note the overwhelming consensus that the inability to remember the charged conduct, standing alone, is insufficient to establish that a defendant is incompetent to stand trial. *See United States v. Andrews*, 469 F.3d 1113, 1118–19 (7th Cir. 2006) (concluding that "amnesia alone does not render a defendant incompetent to stand trial"); *United States v. Villegas*, 899 F.2d 1324, 1341 (2d Cir. 1990) ("A defendant's amnesia about events surrounding the crime will not automatically render him incompetent to stand trial."); *United States ex rel. Parson v. Anderson*, 481 F.2d 94, 96 (3d Cir. 1973) (per curiam) (holding that "the fact that the defendant suffered amnesia as to the commission of the crime, does not, in and of itself, render the defendant incompetent to stand trial"); *United States v. Mota*, 598 F.2d 995, 998 (5th Cir. 1979) (explaining that "amnesia does not constitute incompetency per se to stand trial"); *People v. Stahl*, 2014 IL 115804, ¶ 27, 10 N.E.3d 870 (recognizing "that amnesia as to the events surrounding the charges against a defendant does not per se render him unfit to stand trial"); *Richie v. State*, 468 N.E.2d 1369, 1371 (Ind. 1984) ("[W]here a defendant understood charges against him and was fully aware of events since [the offense], . . . he was competent to stand trial[.]"); *State v. Kincaid*, 960 A.2d 711, 714 (N.H. 2008) (holding that a claim of amnesia "alone . . . does not automatically raise a bona fide or legitimate doubt triggering a due process right to a competency hearing"); *State v. Brooks*, 495 N.E.2d 407, 413 (Ohio 1986) (per curiam) (holding that "amnesia alone is not sufficient to render the accused incompetent to stand trial" and that the defendant's amnesia denied him neither effective assistance of counsel nor the opportunity to present a defense); *Commonwealth v. Barky*, 383 A.2d 526, 528 (Pa. 1978) ("We do not believe that appellant's amnesia alone denied him either the effective assistance of counsel or the opportunity to present a defense."). Nevertheless, there may be cases in which knowledge of a defendant's amnesia

(continued…)

---

details that were related to the charges that were filed against [her]," but she does not allege facts connecting that memory loss to her ability to assist in her own defense. Without such allegations, there is no basis to conclude that a reasonable attorney would have viewed her memory loss as an impediment to her ability to assist in her own defense and an indication of possible incompetency.

¶19    The New Hampshire Supreme Court encountered a similar fact pattern in *State v. Kincaid*, 960 A.2d 711 (N.H. 2008). In that case, the defendant claimed that the district court erred in denying his motion for a competency evaluation and hearing where the defendant claimed that he could not remember anything about the car accident that led to his arrest "and thus was unable to assist his counsel meaningfully in his defense at trial." *Id.* at 712. The supreme court noted that "a [district] court, in order to comply with due process, *must* order an evidentiary hearing on the issue of competency whenever a bona fide or legitimate doubt arises whether a criminal defendant is competent to stand trial." *Id.* (quotation simplified). However, the court held that the claim that a defendant has no memory of the event that led to his arrest, standing alone, "does not automatically raise bona fide or legitimate doubt triggering a due process right to a competency hearing." *Id.* at 714. "There are many ways a defendant can consult with and assist his trial counsel with a reasonable degree of rational understanding without necessarily remembering the details or circumstances of

---

(…continued)
would place a reasonable defense attorney on notice that a competency evaluation and hearing should be requested. In determining whether counsel's performance was deficient, the question is not whether Bruhn ultimately would have been found incompetent to stand trial, but whether all reasonably competent attorneys would have requested an evaluation under the circumstances.

an event that led to his arrest." *Id.* Because the record contained no more than a representation that the defendant suffered amnesia, "the [district] court could reasonably have concluded that no bona fide or legitimate doubt arose as to the defendant's competency." *Id.*

¶20    Similarly, Bruhn's trial attorney could have reasonably concluded that Bruhn's memory loss raised no legitimate doubt as to her competency to stand trial. Although Bruhn argues that her trial counsel recognized that her memory loss "prevented [Bruhn] from properly participating in her own defense," this claim is not supported by any facts alleged in Bruhn's rule 23B affidavits nor by any evidence in the existing record. Bruhn points only to trial counsel's unsupported arguments to the jury, suggesting that, due to her memory loss, Bruhn could not provide testimony relevant to whether she possessed the drugs as charged. But that suggestion is belied by Bruhn's admissions at sentencing. Bruhn admitted "possession of meth, possession of marijuana, and possession of the prescriptions" and never claimed to have recovered this key memory after trial. Although she claims that her memory loss at the time of trial impaired her ability to "recount the details" surrounding the charges, she does not explain how those details would have been relevant to her defense. Absent any indication that Bruhn's memory loss impaired her ability to participate in her defense in some meaningful way, we cannot say that all reasonable attorneys would have sought a competency evaluation based on Bruhn's memory loss alone.

¶21    Moreover, Bruhn has not alleged that her counsel knew or should have known of any other indicators of Bruhn's incompetence. Although the psychologist's affidavit references other "physical and psychological issues," Bruhn makes no claim that these issues were "known to [trial counsel] at the time" of her trial. *See State v. Biebinger*, 2018 UT App 123, ¶ 17, 428 P.3d 36. Bruhn's affidavit does not allege that she told trial counsel about any physical or psychological problems other than her memory loss and nothing in the record or in the affidavits

submitted in support of Bruhn's rule 23B motion suggests that she exhibited any other symptoms or behaviors that would have raised doubts as to her competency. *See Lee*, 2011 UT App 356 (considering whether the defendant's "behavior was anything out of the ordinary" in concluding that failure to raise a competency issue was not deficient performance). Accordingly, because "the facts that *were* known to [Bruhn's trial counsel] at the time [of trial] simply do not amount to obvious signals of incompetency," *see Biebinger*, 2018 UT App 123, ¶ 18, Bruhn has failed to show that her trial counsel performed deficiently by failing to request a competency evaluation.

## CONCLUSION

¶22 Bruhn has failed to establish that her trial counsel performed deficiently in failing to request a competency evaluation under the circumstances of this case. Accordingly, we affirm.

_____