IN THE UTAH COURT OF APPEALS

----ooOoo----

| | | |
|---|---|---|
| State of Utah, | ) | PER CURIAM DECISION |
| | ) | |
| Plaintiff and Appellee, | ) | Case No. 20120133-CA |
| | ) | |
| v. | ) | F I L E D |
| | ) | (May 3, 2012) |
| Daniel George Bradshaw, | ) | |
| | ) | 2012 UT App 135 |
| Defendant and Appellant. | ) | |

-----

Second District, Ogden Department, 111900835
The Honorable Noel S. Hyde

Attorneys:  Randall W. Richards, Ogden, for Appellant
Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee

-----

Before Judges McHugh, Voros, and Christiansen.

¶1     Daniel George Bradshaw appeals from his sentence, judgment, and order of commitment entered on January 25, 2012. Bradshaw asserts that his guilty plea was not knowingly and voluntarily made because his counsel failed to inform him of the ten-year maximum on the indeterminate sentence. This matter is before the court on its sua sponte motion for summary disposition due to lack of jurisdiction.

¶2     On November 16, 2011, Bradshaw entered guilty pleas on three charges. Bradshaw was sentenced on January 25, 2012. Approximately three weeks after sentencing, Bradshaw filed a motion to withdraw his plea. The district court determined that the motion was untimely and could not be considered. However, the district court converted the motion into a notice of appeal in order to preserve Bradshaw's right to an appeal.

¶3    In order to challenge the validity of a guilty plea, a defendant must file a motion to withdraw his plea before the sentence is announced. *See* Utah Code Ann. § 77-13-6(2)(b) (2008); *State v. Merrill*, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. Absent a timely motion to withdraw a guilty plea, this court does not have jurisdiction over a direct appeal to review the validity of the plea. *See Merrill*, 2005 UT 34, ¶¶ 13–20; *see also* Utah Code Ann. § 77-13-6(2)(c) ("Any challenge to a guilty plea not made within the time period specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Post-Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure."). This jurisdictional bar extends to claims concerning the effectiveness of counsel. *See State v. Rhinehart*, 2007 UT 61, ¶ 14, 167 P.3d 1046. Because Bradshaw did not file a motion to withdraw his plea prior to being sentenced, this court lacks jurisdiction over the matter and must dismiss the case.

¶4    The appeal is dismissed.


_____
Carolyn B. McHugh,
Presiding Judge



_____
J. Frederic Voros Jr.,
Associate Presiding Judge



_____
Michele M. Christiansen, Judge