2013 UT App 131

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
DAVID C. COLEMAN,
Defendant and Appellant.

Per Curiam Decision
No. 20120957-CA
Filed May 23, 2013

Second District, Ogden Department
The Honorable Mark R. DeCaria
No. 061901662

Samuel P. Newton, Attorney for Appellant
John E. Swallow and Marian Decker, Attorneys for
Appellee

Before JUDGES ORME, ROTH, and CHRISTIANSEN

PER CURIAM:

¶1      David C. Coleman appeals the trial court's denial of his motion to reinstate the time to file a direct appeal pursuant to rule 4(f) of the Utah Rules of Appellate Procedure. This is before the court on its own motion for summary disposition based on the lack of a substantial question for review. The trial court denied Coleman's motion as untimely. We affirm on other grounds.[1]

---

1. An appellate court may affirm the judgment appealed on any legal ground apparent on the record even if it was not raised or considered in the trial court. *See State v. Rynhart*, 2005 UT 84, ¶ 10, 125 P.3d 938.

¶2      Coleman pleaded guilty to two charges and was sentenced in March 2007. In August 2012, he filed a motion to reinstate the time to file a direct appeal pursuant to rule 4(f). Under rule 4(f), a defendant must demonstrate by a preponderance of the evidence that he or she was deprived of the right to appeal. Utah R. App. P. 4(f). "A defendant is entitled to reinstatement of his direct appeal right if he 'has been prevented in some meaningful way from proceeding with a first appeal of right.'" *State v. Kabor*, 2013 UT App 12, ¶ 11, 295 P.3d 193 (quoting *Manning v. State*, 2005 UT 61, ¶ 26, 122 P.3d 628). "A defendant has not been meaningfully deprived of his appeal right, however, if he voluntarily waived that right." *Id.*

¶3      By pleading guilty, a defendant is "deemed to have admitted all of the essential elements of the crime charged and thereby waives all non-jurisdictional defects, including alleged pre-plea constitutional violations." *State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046. Accordingly, a guilty plea operates as a waiver of the right to a direct appeal of the conviction on the crime charged. If a defendant wishes to challenge a guilty plea on direct appeal, he must first move to withdraw the plea before the sentence is announced.[2] *See* Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2012). Absent a timely motion to withdraw a guilty plea, this court does not have jurisdiction to review the validity of the plea on direct appeal. *See State v. Merrill*, 2005 UT 34, ¶¶ 13–20, 114 P.3d 585. Coleman did not move to withdraw his guilty pleas prior to sentencing. As a result, this court would have no jurisdiction over an appeal of his convictions even if the time to file a direct appeal had been reinstated.

¶4      In sum, because Coleman waived his right to appeal his convictions, he was not meaningfully deprived of his right to

---

2. Documents filed in support of Coleman's motion show that Coleman sought reinstatement of the time to file a direct appeal so that he could challenge his guilty pleas.

appeal. Additionally, because there was no timely motion to withdraw his guilty plea, this court would lack jurisdiction to reach Coleman's challenge. Accordingly, the trial court did not err in denying his motion to reinstate the time to file a direct appeal.

¶5     Affirmed.

————————