**2013 UT App 148**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
JEROD STONE,
Defendant and Appellant.

Memorandum Decision
No. 20110818-CA
Filed June 13, 2013

Fourth District, Nephi Department
The Honorable James M. Brady
No. 101600147

Aaron P. Dodd, Attorney for Appellant
John E. Swallow and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE CAROLYN B. MCHUGH authored this Memorandum
Decision, in which JUDGES GREGORY K. ORME and JAMES Z. DAVIS
concurred.

McHUGH, Judge:

¶1     Jerod Stone appeals from his convictions of aggravated
kidnapping and robbery. We dismiss for lack of jurisdiction.

¶2     Stone was charged with aggravated kidnapping, aggravated
robbery, and three other offenses. Thereafter, the State and Stone
reached a plea deal whereby the State agreed to dismiss the other
charges in exchange for Stone's entering guilty pleas on the charge
of aggravated kidnapping and a reduced charge of robbery.

¶3     Prior to accepting Stone's pleas, the district court cautioned, "[S]hould you later change your mind and wish to withdraw your guilty plea you would have to file a motion before sentencing to do so." The written plea statement also advised Stone that any request to withdraw his pleas must be made before sentencing. Stone did not move to withdraw his pleas and the district court sentenced him to concurrent prison terms of fifteen years to life on the aggravated kidnapping conviction and one to fifteen years on the robbery conviction. Stone then filed a direct appeal from the district court's final order and judgment.

¶4     On appeal, Stone argues that he was denied effective assistance of counsel and that the district court committed plain error by accepting his guilty pleas. The State contends that we lack jurisdiction to review Stone's claims because Stone did not move to withdraw his guilty pleas pursuant to Utah Code section 77-13-6. Whether a court has subject matter jurisdiction is "a question of law, which we review for correctness, granting no deference to the district court." *State v. Nicholls*, 2006 UT 76, ¶ 3, 148 P.3d 990.

¶5     We agree with the State that we lack jurisdiction to review the validity of Stone's guilty pleas. Utah Code section 77-13-6 governs the withdrawal of guilty pleas, providing, in relevant part, that "[a] request to withdraw a plea of guilty . . . shall be made by motion before sentence is announced." Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2012). It further provides that "[a]ny challenge to a guilty plea not made within the time period specified in Subsection (2)(b) shall be pursued under Title 78B, Chapter 9, Post-Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure." *Id*. § 77-13-6(2)(c). "Section 77-13-6(2)(b) imposes a jurisdictional bar on late-filed motions to withdraw guilty pleas, and failure to comply with its requirements extinguishes a defendant's right to challenge the validity of the guilty plea on appeal." *Grimmett v. State*, 2007 UT 11, ¶ 8, 152 P.3d 306 (citations and internal quotation marks omitted). "When a defendant pleads guilty, he 'waives all nonjurisdictional defects, including alleged pre-plea constitutional violations.'" *State v. Smith*, 2013 UT App 52,

¶ 6 (quoting *State v. Rhinehart*, 2007 UT 61, ¶ 15, 167 P.3d 1046). "Thus, 'failure to withdraw a guilty plea within the time frame dictated by [Utah Code] section 77-13-6 deprives [both] the trial court and appellate courts of jurisdiction to review the validity of the plea.'" *Id.* (alterations in original) (quoting *State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344).

¶6      Here, Stone never filed a motion to withdraw his guilty pleas. Accordingly, this court lacks jurisdiction to review Stone's claims that his trial counsel provided ineffective assistance and that the district court erroneously accepted his guilty pleas. *See Rhinehart*, 2007 UT 61, ¶¶ 14, 22 (holding that an ineffective assistance of counsel claim cannot successfully evade the well-established jurisdictional bar of section 77-13-6); *see also Ott*, 2010 UT 1, ¶ 18; *State v. Mullins*, 2005 UT 43, ¶ 11 n.2, 116 P.3d 374; *State v. Merrill*, 2005 UT 34, ¶ 19, 114 P.3d 585; *State v. Lee*, 2011 UT App 356, ¶ 2, 264 P.3d 239 (mem.).

¶7      Stone also argues that the jurisdictional bar set forth in Utah Code section 77-13-6 unconstitutionally violates his Sixth Amendment right to effective assistance of counsel. *See Missouri v. Frye*, 132 S. Ct. 1399, 1404 (2012) ("The Sixth Amendment, applicable to the States by the terms of the Fourteenth Amendment, provides that the accused shall have the assistance of counsel in all criminal prosecutions. The right to counsel is the right to effective assistance of counsel."); *see also Strickland v. Washington*, 466 U.S. 668, 686 (1984). "Constitutional challenges to statutes present questions of law, which we review for correctness." *State v. Turner*, 2012 UT App 189, ¶ 14, 283 P.3d 527 (citation and internal quotation marks omitted).

¶8      Specifically, Stone argues that the jurisdictional bar in section 77-13-6 is unconstitutional because it requires him to attack the validity of his pleas pursuant to rule 65C of the Utah Rules of Civil Procedure and the Post-Conviction Remedies Act (PCRA), *see* Utah Code Ann. §§ 78B-9-101 to -405 (LexisNexis 2012), which are inadequate because they do not guarantee him a right to competent

legal counsel "in what may be considered the most critical stage of the post-conviction proceeding—the filing of the petition itself," *see id*. § 78B-9-109(1) ("If any portion of the petition is not summarily dismissed, the court *may*, upon the request of an indigent petitioner, appoint counsel on a pro bono basis to represent the petitioner in the post-conviction court or on post-conviction appeal." (emphasis added)); Utah R. Civ. P. 65C(j) (same).[1]

¶9     In *State v. Merrill*, 2005 UT 34, 114 P.3d 585, our supreme court rejected a defendant's claim that section 77-13-6 is unconstitutional on five alternative grounds. *Id*. ¶¶ 21–47. There, the supreme court acknowledged that "an absolute prohibition against providing a forum to a defendant in which he may assert defects in his guilty plea would certainly violate constitutional due process guarantees." *Id*. ¶ 29. However, it explained that "[s]ection 77-13-6 does not create an absolute bar" because it provides "two opportunities to challenge the validity of a guilty plea: a motion to withdraw the plea, which must be brought within the thirty-day statutory window, and an action for post-conviction relief, which may be brought after the expiration of the thirty-day statutory period." *Id*. ¶ 30. In rejecting the defendant's claim that section 77-13-6 unconstitutionally discriminated against a class of

---

1. To the extent that Stone's argument challenges the constitutionality of the PCRA itself because it does not guarantee him the appointment of counsel, our case law clearly establishes that "there is no statutory or constitutional right to counsel in a civil petition for post-conviction relief." *See Hutchings v. State*, 2003 UT 52, ¶ 20, 84 P.3d 1150 (citing Utah Code Ann. § 78-35a-109 (1996) (current version at *id*. § 78B-9-109(1) (LexisNexis 2012))); *see also Ross v. State*, 2012 UT 93, ¶ 58, 293 P.3d 345; *Tillman v. State*, 2012 UT App 289, ¶ 22, 288 P.3d 318 (mem.). *See generally Pennsylvania v. Finley*, 481 U.S. 551, 555–57 (1987) (explaining that the fundamental fairness mandated by the Due Process Clause does not require states to provide counsel for post-conviction proceedings).

defendants who wished to withdraw their pleas after the thirty-day statutory deadline had passed, the court noted that section 77-13-6 has uniform application in that "all defendants are made subject to the same time limit to attempt to withdraw their pleas by motion." *Id*. ¶¶ 31–32, 36. The court further reasoned that there is nothing arbitrary or unreasonable about a statutory classification "where a defendant chooses to subject himself to the requirements of the PCRA by failing to file a motion to withdraw within thirty days . . . ." *Id*. ¶ 41. Additionally, the court observed that district courts are "expressly authorize[d] . . . to appoint counsel on a pro bono basis to a defendant pursuing post-conviction relief" under the PCRA and that the defendant in *Merrill* "made no demonstration that PCRA petitioners like himself, who seek to withdraw guilty pleas, are generally, or ever, required to pursue their claims unaided by counsel." *Id.* ¶ 47.

¶10    Two years later, in *State v. Rhinehart*, 2007 UT 61, 167 P.3d 1046, a defendant attempted to distinguish *Merrill* by claiming that the ineffective assistance of her trial counsel "caused her to enter her plea and to fail to bring a timely motion to withdraw it." *Id*. ¶ 11. Under those circumstances, she argued that the requirement in section 77-13-6 that she move to withdraw her guilty plea as a condition to challenging her plea on direct appeal unconstitutionally deprived her of her right to appeal. *Id*. The supreme court rejected her claim, holding that "[t]he ineffectiveness of counsel that contributes to a flawed guilty plea . . . can spare a defendant the consequences of her plea only if the defendant makes out the same case required of every defendant who seeks to withdraw a plea: that the plea was not knowing and voluntary." *Id*. ¶ 13. The court noted, "As a practical matter, there is no alleged flaw in a guilty plea of a defendant represented by counsel that could not be attributed in some way to deficient representation." *Id.* Thus, the supreme court determined that freeing defendants of the constraints of section 77-13-6 by allowing them to withdraw their pleas based on claims of ineffective assistance of counsel would vitiate the statute by "invit[ing] every tardy application to withdraw a plea to be styled as a claim of

ineffective assistance of counsel . . . ." *Id.* ¶ 14. Accordingly, the *Rhinehart* court concluded "that claims of ineffective assistance of counsel raised in the context of challenges to the lawfulness of guilty pleas are governed by section 77-13-6 as construed by *Merrill* . . . ." *Id.*; *see also Grimmett v. State*, 2007 UT 11, ¶¶ 8–9, 152 P.3d 306 (confirming the jurisdictional nature of the statute, which the Utah Legislature had substantially revised in 2003).

¶11     For the reasons expressed by our supreme court in *Merrill* and *Rhinehart*, we reject Stone's argument that section 77-13-6 violates his constitutional right to the effective assistance of counsel. Stone's right to pursue a challenge to the validity of his guilty pleas is preserved in spite of his failure to file a timely motion to withdraw, thus satisfying "the demands of due process." *See Merrill*, 2005 UT 34, ¶ 30. Additionally, Stone chose to subject himself to the requirements of the PCRA by failing to meet the withdrawal deadline. *See id.* ¶ 41; *see also* Utah Code Ann. § 77-13-6(2)(b). And Stone has not demonstrated that he would be forced to pursue relief under the PCRA without the aid of counsel. *See Merrill*, 2005 UT 34, ¶ 47. Accordingly, we reject Stone's claim that section 77-13-6 unconstitutionally deprives him of his right to the effective assistance of counsel. *See Rhinehart*, 2007 UT 61, ¶ 2 ("[S]ection 77-13-6 . . . is constitutional and has jurisdictional effect.").

¶12     Because Stone failed to make a motion to withdraw his guilty pleas as required by statute, we lack jurisdiction to consider the validity of his pleas on appeal. We further hold that the jurisdictional bar in Utah Code section 77-13-6 is constitutional. If Stone seeks to challenge his pleas, he must do so by raising a claim under the PCRA and rule 65C of the Utah Rules of Civil Procedure. *See State v. Briggs*, 2006 UT App 448, ¶ 6, 147 P.3d 969 (mem.).

¶13     Appeal dismissed.