2014 UT App 128

**STATE of Utah, Plaintiff and Appellee,**

v.

**Juan MARDONIZ–ROSADO, Defendant and Appellant.**

**No. 20130313–CA.**

Court of Appeals of Utah.

June 5, 2014.

---

T. Laura Lui and Alexander J. Helfer, for Appellant.

Matthew D. Bates and David R. Brickey, for Appellee.

Judge JOHN A. PEARCE authored this Memorandum Decision, in which Judge STEPHEN L. ROTH and Senior Judge PAMELA T. GREENWOOD concurred.[1]

Memorandum Decision

PEARCE, Judge:

¶ 1 Juan Mardoniz–Rosado appeals the district court's denial of his motion to withdraw

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

his guilty plea to a misdemeanor charge of retail theft. We affirm.

¶ 2 Mardoniz–Rosado pleaded guilty on November 12, 1996. The docket and minute entry indicate that Mardoniz–Rosado was "advised of [his] rights," but the record contains neither a transcript of the plea colloquy nor a written waiver form.[2] Mardoniz–Rosado was sentenced to a suspended ninety-day jail term, a $1,000 fine, and six months of probation. He successfully completed the terms of his sentence.

¶ 3 In 2012, sixteen years after pleading guilty, Mardoniz–Rosado filed a motion to withdraw his plea in the district court. The motion alleged that Mardoniz–Rosado had received ineffective assistance of counsel at the time of his plea because his counsel had not advised him of the immigration consequences of pleading guilty. See generally Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010).[3] Mardoniz–Rosado's motion also sought to reinstate his direct appeal pursuant to Manning v. State, 2005 UT 61, 122 P.3d 628.

¶ 4 The district court conducted a hearing on the motion, at which Mardoniz–Rosado testified. After the hearing, the district court entered a written order finding that Mardoniz–Rosado had not been advised of his right to appeal at the 1996 plea hearing and that "the November 12, 1996 court docket note stating, 'Deft advised of rights,' is not sufficient." In light of these findings, the district court reinstated Mardoniz–Rosado's right to pursue a direct appeal. See generally Manning, 2005 UT 61, ¶¶ 26–33, 122 P.3d 628 (establishing a procedure for reinstating the right to appeal in criminal cases); Utah R.App. P. 4(f) (codifying criminal appeal reinstatement procedures). In the same order, which Mardoniz–Rosado had prepared, the

district court summarily denied Mardoniz–Rosado's motion to withdraw his guilty plea without explaining the reasoning underpinning that decision.

■ ¶ 5 On appeal, Mardoniz–Rosado challenges the district court's denial of his motion to withdraw his plea. A threshold issue is whether the district court had jurisdiction to entertain the motion. Pursuant to the version of Utah Code section 77–13–6 in effect at the time of his plea, Mardoniz–Rosado was required to move to withdraw the plea within thirty days of its entry. See Utah Code Ann. § 77–13–6(2) (Michie 1995) (stating that a motion to withdraw a guilty plea "shall be made within 30 days after the entry of the plea").[4] Compliance with this time limit is jurisdictional. State v. Stone, 2013 UT App 148, ¶ 5, 305 P.3d 167 (" 'Section 77–13–6(2)(b) imposes a jurisdictional bar on late-filed motions to withdraw guilty pleas, and failure to comply with its requirements extinguishes a defendant's right to challenge the validity of the guilty plea on appeal.' " (quoting Grimmett v. State, 2007 UT 11, ¶ 8, 152 P.3d 306)).

¶ 6 Mardoniz–Rosado's 2012 attempt to withdraw his 1996 guilty plea obviously fell outside the thirty-day window for seeking withdrawal. He nevertheless argues that his efforts were timely because, under his interpretation of the district court's order, the district court found that he was never advised of the time limits for filing a motion to withdraw his plea. See Utah R.Crim. P. 11(g) ("Failure to advise the defendant of the time limits for filing any motion to withdraw a plea of guilty ... may be the ground for extending the time to make a motion under Section 77–13–6."). Mardoniz–Rosado argues that because he was never advised of the thirty-day time limit to file his motion,

**2.** At oral argument before this court, the parties agreed that a record of the 1996 plea hearing originally existed but that it was unavailable at the 2012 withdrawal hearing because of the intervening decade and a half.

**3.** When Mardoniz–Rosado filed his motion, it was an open question whether Padilla v. Kentucky, 559 U.S. 356, 130 S.Ct. 1473, 176 L.Ed.2d 284 (2010), applied retroactively. The United States Supreme Court has since held that it does not. See Chaidez v. United States, —— U.S. ——,

133 S.Ct. 1103, 1113, 185 L.Ed.2d 149 (2013) (holding that "defendants whose convictions became final prior to Padilla ... cannot benefit from its holding").

**4.** The current version of the statute requires that a motion to withdraw a guilty plea not held in abeyance be made "before sentence is announced." Utah Code Ann. § 77–13–6(2)(b) (LexisNexis 2012).

the statutory time limit "was never triggered." He did not advance this argument in the district court but raises it here under the doctrine of plain error. *See generally State v. Holgate*, 2000 UT 74, ¶¶ 11, 13, 10 P.3d 346 ("The plain error exception enables the appellate court to balance the need for procedural regularity with the demands of fairness." (citation and internal quotation marks omitted)).

¶ 7 We lack the record we would need to accept Mardoniz–Rosado's interpretation of the district court's order. Mardoniz–Rosado prepared an order for the district court that provides no insight into the court's basis for denying the motion to withdraw his plea and contains no express finding that he was not advised of the time limit to withdraw his plea. Mardoniz–Rosado also did not designate the transcript of the motion hearing as a part of the record on appeal. Thus, the record before us is silent as to why the district court denied Mardoniz–Rosado's plea withdrawal motion. Furthermore, the record does not provide us with a basis to conclude that the district court found, or should have found, that Mardoniz–Rosado was not advised of the timeline for seeking to withdraw his plea.

 ¶ 8 Mardoniz–Rosado suggests that we can excavate between the district court's expressed findings to unearth an implied finding that he did not receive a proper rule 11(e) plea colloquy and therefore was never made aware of the timing requirements for a motion to withdraw his plea[5] *See* Utah R.Crim. P. 11(e). Because of the sparsely worded order and lack of a hearing transcript, we have little visibility into what occurred at the evidentiary hearing below.

However, in order for Mardoniz–Rosado to have met his burden of establishing that his plea colloquy failed to advise him of the plea withdrawal deadline, the record would need to have contained some affirmative evidence that Mardoniz–Rosado was not advised of the withdrawal deadline. This court has stated,

> To place the burden on the State to prove compliance [with rule 11], when no transcript is available due to defendant's delay, is unreasonable. Such a rule would require this court, and the trial court hearing the motion to withdraw, to presume irregularity in the prior proceedings. However, we do not presume error simply because the record is unavailable.

*State v. Morello*, 927 P.2d 646, 649 (Utah Ct.App.1996). "[W]here [a] defendant has made no showing that the colloquy was defective and simply relies on the absence of any evidence, [the] defendant bears the risk of the loss of the transcript and the resultant consequences." *Id.; cf. State v. Verikokides*, 925 P.2d 1255, 1257–58 (Utah 1996) (affirming the denial of reinstatement of a defendant's right to appeal where the trial court record was lost or destroyed during his seven-year absence due to escape). We see no affirmative evidence in the record that would have supported a district court finding that Mardoniz–Rosado was not advised of the time limit for seeking to withdraw his plea, and we thus must reject Mardoniz–Rosado's proposed implied finding as unsupported by the record.[6]

 ¶ 9 On the record before us, Mardoniz–Rosado cannot establish that he can avoid the thirty-day limit for his motion to withdraw his plea. We must therefore conclude that the motion was not timely filed and the

---

5. Specifically, Mardoniz–Rosado asks us to draw his proposed inference from the district court's findings that he was not advised of his right to appeal and that "the November 12, 1996 court docket note stating, 'Deft advised of rights,' is not sufficient."

6. For the same reasons, we cannot accept Mardoniz–Rosado's argument that he is entitled to withdraw his plea regardless of the timing of his motion due to an implicit district court finding that he was not advised of *any* of the constitutional rights that rule 11(e) of the Utah Rules of Criminal Procedure is designed to protect. Mardoniz–Rosado argues that his plea colloquy is

governed by *State v. Lovell*, 2011 UT 36, 262 P.3d 803, which held under then-applicable law that a plea court's "failure to strictly comply with rule 11(e) requires us to presume harm and thus constitutes good cause to withdraw a guilty plea." *Id.* ¶ 45. Although the district court here expressly found a flaw in the 1996 colloquy— namely, the plea court's failure to advise Mardoniz–Rosado of his right to appeal—our supreme court has held that the remedy for that deficiency is reinstatement of the right to appeal. *See Manning v. State*, 2005 UT 61, ¶¶ 26–33, 122 P.3d 628; *see also* Utah R.App. P. 4(f).

district court lacked jurisdiction to entertain it. *See Stone,* 2013 UT App 148, ¶ 5, 305 P.3d 167. Thus, under the plain language of Utah Code section 77–13–6(2)(c), Mardoniz–Rosado can now only challenge his plea under Utah's Post–Conviction Remedies Act (the PCRA) and rule 65C of the Utah Rules of Civil Procedure. *See* Utah Code Ann. § 77–13–6(2)(c) (LexisNexis 2012).

¶ 10 Rather than travel the statutorily mandated route, Mardoniz–Rosado raises two arguments in an attempt to find a path around the requirement that he proceed under the PCRA. Mardoniz–Rosado first argues that the district court possessed jurisdiction to withdraw his guilty plea sua sponte. *See State v. Ott,* 2010 UT 1, ¶ 20, 247 P.3d 344 ("The Utah Court of Appeals has recognized that a trial court may sua sponte set aside a guilty plea even after the time restrictions of section 77–13–6 have expired." (citing *State v. Lopez,* 2005 UT App 496, ¶ 19, 128 P.3d 1)); *Lopez,* 2005 UT App 496, ¶ 19, 128 P.3d 1 ("[W]e conclude that the legislature did not intend that [section 77–13–6] would apply to sua sponte court orders setting aside a defendant's guilty plea."). He further argues that the district court committed plain error when it failed to do so.

██ ¶ 11 We agree with Mardoniz–Rosado that section 77–13–6 does not supplant the district court's jurisdiction to act sua sponte. *See Lopez,* 2005 UT App 496, ¶ 19, 128 P.3d 1. However, the district court's jurisdiction to set aside a defendant's guilty plea on its own initiative generally terminates upon the entry of final judgment in the case. *See id.* ("[T]he trial court had jurisdiction to set aside Defendant's guilty plea after it announced sentence *but before it signed the judgment* of sentence." (emphasis added)); *see also Ott,* 2010 UT 1, ¶ 20, 247 P.3d 344 (distinguishing *Lopez* on the ground that the defendant in *Ott* had already been sentenced); *State v. Rodrigues,* 2009 UT 62, ¶ 13, 218 P.3d 610 ("Once a court imposes a valid sentence and final judgment is entered,

the court ordinarily loses subject matter jurisdiction over the case."). Here, the plea court entered final judgment against Mardoniz–Rosado in 1996 and thereby terminated the jurisdiction to sua sponte set aside Mardoniz–Rosado's guilty plea.[7]

¶ 12 Mardoniz–Rosado next argues that the district court had jurisdiction to allow the withdrawal of his guilty plea under three common law remedies. He first argues that the district court possesses jurisdiction pursuant to the "ancient writ of coram nobis." *See Manning v. State,* 2005 UT 61, ¶ 13 n. 2, 122 P.3d 628 (" 'A writ of error coram nobis is a common-law writ of ancient origin devised by the judiciary, which constitutes a remedy for setting aside a judgment which for a valid reason should never have been rendered.' " (quoting 24 C.J.S.Crim. L. § 1610 (2004))). Second, he argues that this case can proceed under the "unusual circumstances exception to the procedural bar rules." *Lucero v. Kennard,* 2005 UT 79, ¶ 28, 125 P.3d 917. Finally, he argues the case meets the "egregious injustice" exception discussed in *Winward v. State,* 2012 UT 85, ¶¶ 13–19, 293 P.3d 259.

██ ¶ 13 Resort to these common law theories is premature because Mardoniz–Rosado has not yet sought relief under the PCRA and rule 65C of the Utah Rules of Civil Procedure as required by Utah Code section 77–13–6. *See* Utah Code Ann. § 77–13–6(2)(c). Mardoniz–Rosado cannot invoke the powers traditionally associated with the writ of coram nobis, or avail himself of any exception to the PCRA, if the PCRA provides him with "an adequate remedy at law." *State v. Rees,* 2005 UT 69, ¶ 16, 125 P.3d 874; *see also Winward,* 2012 UT 85, ¶¶ 13–19, 293 P.3d 259 (analyzing the egregious injustice exception as an "exception to the PCRA's procedural bars"); *Lucero,* 2005 UT 79, ¶ 43, 125 P.3d 917 ("The unusual circumstances exception provides a defendant who is otherwise ineligible to receive post-conviction re-

---

7. In a related argument, Mardoniz–Rosado relies on *State v. Jackson,* 2010 UT App 328, 243 P.3d 902, to contend that the district court retained the discretion to reopen his case. However, in *Jackson,* the district court reopened the evidence after the State had rested its case to allow the

State to present additional evidence on a disputed point. *Id.* ¶¶ 7–8, 23. This occurred prior to the defendant's sentencing, and thus the determination that the district court acted within its discretion there does not provide authority to support Mardoniz–Rosado's position here.

lief [pursuant to the PCRA] an opportunity to have a petition for post-conviction relief reviewed.").

¶ 14 Because Mardoniz–Rosado has yet to seek relief under the PCRA and rule 65C, he is not entitled to pursue relief under any of the common law theories that he identifies. Instead, he must seek post-conviction relief via the PCRA and, should such relief be denied on procedural grounds, seek extraordinary relief and argue for the application of coram nobis principles or the unusual circumstances or egregious injustice exceptions.[8]

¶ 15 Mardoniz–Rosado's 2012 motion to withdraw his plea was untimely under Utah Code section 77–13–6, and the district court therefore lacked jurisdiction to entertain his motion. The district court also lacked jurisdiction to set aside Mardoniz–Rosado's plea sua sponte due to the pronouncement of final judgment against him in 1996. Under the plain language of Utah Code section 77–13–6, Mardoniz–Rosado must seek relief under the PCRA and rule 65C of the Utah Rules of Civil Procedure, and until he does, he cannot test the vitality of the common law remedies that he identifies on appeal.

¶ 16 For these reasons, we affirm the district court's denial of Mardoniz–Rosado's motion to withdraw his guilty plea.

---

8. Because Mardoniz–Rosado has raised his common law arguments prematurely, we need not address whether the 2008 amendments to the PCRA and subsequent modifications to rule 65C have subsumed the powers Mardoniz–Rosado has attempted to invoke. *See Winward v. State,* 2012 UT 85, ¶¶ 14, 19, 293 P.3d 259 (leaving open the question of "whether the PCRA and [r]ule 65C now wholly accommodate the full measure of our constitutional authority or whether the Utah Constitution requires that we be able to consider, in some cases, the merits of claims otherwise barred by the PCRA" (alteration in original) (citation and internal quotation marks omitted)). *Winward v. State* also outlines the framework under which the supreme court might consider a claim that a petitioner can seek relief under a common law exception to the PCRA. *See id.* ¶ 18.