2015 UT App 118

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
SEMISI TAUFUI,
Defendant and Appellant.

Memorandum Decision
No. 20131110-CA
Filed May 7, 2015

Third District Court, Salt Lake Department
The Honorable Denise P. Lindberg
No. 101904760

T. Laura Lui and Alexander J. Helfer, Attorneys
for Appellant

Sean D. Reyes and Ryan D. Tenney, Attorneys
for Appellee

JUDGE STEPHEN L. ROTH authored this Memorandum Decision, in
which JUDGES JOHN A. PEARCE and KATE A. TOOMEY concurred.

ROTH, Judge:

¶1    Semisi Taufui appeals from the district court's denial of
his motion to withdraw guilty pleas to charges of attempted
possession of a controlled substance with intent to distribute and
unlawful possession of another's identification documents. We
affirm.

¶2    Taufui was charged with one count of unlawful
possession of a controlled substance with intent to distribute, a
second degree felony; one count of unlawful possession of
identification documents without authorization, a class A

misdemeanor; and one count of possession of drug paraphernalia, a class B misdemeanor. The State agreed to recommend suspension of any jail or prison sentence if Taufui would plead guilty to one count of attempted unlawful possession of a controlled substance with intent to distribute, a third degree felony, and one count of unlawful possession of identification documents, a class A misdemeanor.

¶3 At the plea hearing, defense counsel stated that Taufui's immigration status was "currently under threat." She explained that the State's offer was designed to allow him to remain in the country should he be able to prevail in immigration court. The district court then engaged in a colloquy with Taufui pursuant to rule 11 of the Utah Rules of Criminal Procedure. Among other questions, the district court asked Taufui if he understood the rights he was waiving by pleading guilty and the maximum sentence possible for the charges. Taufui answered, "Yes," to both questions. The court then asked Taufui to sign the plea form, which the district court incorporated into the record before finding that the plea had been entered "knowingly, voluntarily, and intelligently."

¶4 Defense counsel asked that Taufui be sentenced immediately. She further stated, "I'd also note for advice of the Court that I did advise him regarding his immigration status that these will have serious consequences in regard to that." Counsel also told the court that she had advised Taufui to consult with an immigration attorney before taking the plea. The court asked Taufui, "You understand this can get you deported, most likely will. You want to go ahead today?" Taufui answered, "Yes." The prosecutor noted that Taufui was already under a "hold" imposed by immigration authorities.

¶5 The district court sentenced Taufui to the statutory prison and jail terms for the offenses. The court credited Taufui 180 days for time already served and suspended the balance, imposed a fine of $7,500, and placed him on thirty-six months

unsupervised probation. At the end of the sentencing hearing, the court released Taufui to immigration authorities.

¶6    More than two years later, Taufui, who apparently had not been deported, filed a motion to withdraw his plea. He argued that violations of rule 11(e) of the Utah Rules of Criminal Procedure rendered his plea involuntary and that his plea was invalid due to the ineffective assistance of his trial counsel. Alternatively, Taufui asked the court to reinstate his right to appeal under *Manning v. State*, 2005 UT 61, 122 P.3d 628, and rule 4(f) of the Utah Rules of Appellate Procedure. The court denied the motion, concluding that "based upon this court's lack of jurisdiction and [Taufui's] failure to use the proper remedy found in the Post-Conviction Remedy Act," Taufui's motion to withdraw his guilty plea or have his right to appeal reinstated must be dismissed.

¶7    Taufui appeals, arguing that the district court erred in determining that it lacked jurisdiction to consider his motion to withdraw his plea. Alternatively, Taufui argues that even if the court correctly decided the jurisdiction issue, it erred in denying his motion to extend the time for appeal under *Manning* and rule 4(f).

¶8    First, we conclude that the district court correctly determined that it lacked jurisdiction to consider Taufui's motion to withdraw his pleas. "A request to withdraw a plea of guilty . . . shall be made by motion before sentence is announced." Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2012). If a motion to withdraw a plea is not made before sentencing, "[a]ny challenge to a guilty plea . . . shall be pursued under . . . [the] Post-Conviction Remedies Act." *Id.* § 77-13-6(2)(c). The Utah Supreme Court has held that the procedural requirement of "section 77-13-6(2)(b) is indeed jurisdictional." *State v. Merrill*, 2005 UT 34, ¶ 20, 114 P.3d 585. "[F]ailure to withdraw a guilty plea within the time frame dictated by [Utah Code] section 77-13-6 deprives [both] the trial court and appellate courts of

jurisdiction to review the validity of the plea." *State v. Stone*, 2013 UT App 148, ¶ 5, 305 P.3d 167 (second and third alterations in original) (citations and internal quotation marks omitted). "This jurisdictional bar extends to claims concerning the effectiveness of counsel." *State v. Bradshaw*, 2012 UT App 135, ¶ 3, 278 P.3d 155 (per curiam). Thus, because Taufui's motion to withdraw his plea was not filed until after sentencing, the district court correctly concluded that it lacked jurisdiction to consider Taufui's claims that his plea was not knowing and voluntary or the result of ineffective assistance of counsel. *See Merrill,* 2005 UT 34, ¶¶ 19–20.

¶9     Taufui argues several theories he contends support a view that the district court retained jurisdiction over his motion to withdraw his plea despite the plain language of section 77-13-6(2). We find his arguments unpersuasive.

¶10     Taufui first argues he was "never advised of his right to file a motion to withdraw his guilty plea, nor the time frame in which to do so, in violation" of rule 11(f) of the Utah Rules of Criminal Procedure. Rule 11(f) states that "[f]ailure to advise the defendant of the time limits for filing any motion to withdraw a plea of guilty . . . is not a ground for setting the plea aside, but may be the ground for extending the time to make a motion under Section 77-13-6." Utah R. Crim. P. 11(f). Accordingly, Taufui argues that the district court retained jurisdiction over any subsequent motion to withdraw. We agree with the State, however, that Taufui was indeed informed of the timeframe in which he needed to file a motion to withdraw his plea.

¶11     In determining whether "the defendant had a sufficient understanding of the law in relation to the facts," we may look not just to the rule 11 plea colloquy conducted by the district court but also to the "surrounding facts and circumstances." *State v. Alexander*, 2012 UT 27, ¶ 31, 279 P.3d 371 (citation and internal quotation marks omitted). The plea affidavit signed by Taufui, and incorporated into the plea colloquy, contained the

following statement in bold letters: "I understand that if I want to withdraw my guilty (or no contest) plea(s), I must file a written motion to withdraw my plea(s) before sentence is announced." Taufui further acknowledged in the affidavit that he understood that "any challenge to [his] plea(s) made after the sentencing must be pursued under the Post-Conviction Remedies Act." In light of this signed affidavit, as well as his own assurances to the court that he had read and understood the affidavit prior to signing it, we conclude that there was no violation of rule 11(f) that provides Taufui with relief from the jurisdictional bar set forth in section 77-13-6.

¶12  Taufui next argues that "the trial court possesses continual jurisdiction to withdraw [his] guilty plea via its sua sponte powers." It is true "that section 77-13-6 does not supplant the district court's jurisdiction to act sua sponte" in setting aside guilty pleas. *State v. Mardoniz-Rosado*, 2014 UT App 128, ¶ 11, 328 P.3d 864. However, as the State points out, "the district court's jurisdiction to set aside a defendant's guilty plea on its own initiative generally terminates upon the entry of final judgment in the case." *Id.* "In a criminal case, it is the sentence itself which constitutes a final judgment . . . ." *State v. Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065 (emphasis, citation, and internal quotation marks omitted); *see also State v. Vaughn*, 2011 UT App 411, ¶ 17, 266 P.3d 202 ("[A]fter sentencing, trial courts lose subject matter jurisdiction over a case."). We recognize that the defendant in *Mardoniz-Rosado* had completed his probation when he filed his motion to withdraw his plea, *see* 2014 UT App 128, ¶¶ 2–3, and that Taufui had not yet completed the terms of his probation when his own motion to withdraw was filed, potentially leaving the court with some limited jurisdiction over Taufui's case. Taufui, however, has failed to respond to the State's argument that jurisdiction to permit a plea withdrawal terminated when the sentence was announced. As a consequence, Taufui has

failed to persuade us that the district court retained the sort of jurisdiction over the case that would enable it to exercise its sua sponte powers in the way Taufui suggests.[1]

¶13   Furthermore, the court did not retain jurisdiction after sentencing to "reopen" the case as Taufui claims is permitted under *State v. Jackson*, 2010 UT App 328, 243 P.3d 902. Taufui's reliance on *Jackson* is misplaced. In *Jackson*, this court recognized that a district court has discretion to reopen a case to consider additional evidence. *Id.* ¶ 23. However, in *Jackson*, sentencing had not yet taken place when the court exercised its discretion to hear additional testimony. *See id.* ¶¶ 7–8. In this case, sentencing had occurred and a final judgment had been entered against Taufui prior to the filing of his motion to withdraw his plea. Thus, *Jackson* does not support Taufui's argument, and we are again unpersuaded that the court retained jurisdiction to accord the relief Taufui seeks. *See Vaughn*, 2011 UT App 411, ¶ 17.

¶14   Finally, Taufui contends that he qualified for relief in the district court under three common law theories: (1) a writ of coram nobis, (2) the "unusual circumstances" exception, or (3) the "egregious injustice" exception. The court in *Mardoniz-Rosado* considered the same arguments and concluded that none of them overcame the jurisdictional bar set forth in Utah's plea

---

1. And under the circumstances, we decline to affirmatively resolve the issue of whether a probationary period extends a district court's jurisdiction beyond the minimum necessary to manage the probation itself. A district court's decision to utilize its sua sponte power is entirely discretionary. *See State v. Ott*, 2010 UT 1, ¶ 20, 247 P.3d 344; *State v. Brown*, 2013 UT App 99, ¶¶ 2, 4, 300 P.3d 1289 (per curiam). Even had the court retained sufficient jurisdiction to utilize this power, Taufui has failed to convince us that the court's decision to deny his motion to withdraw his plea was an abuse of its discretion.

withdrawal statute. *See* 2014 UT App 128, ¶¶ 12–13. We come to the same conclusion here. "A writ of error coram nobis is a common-law writ of ancient origin devised by the judiciary, which constitutes a remedy for setting aside a judgment which for a valid reason should never have been rendered." *Manning v. State*, 2005 UT 61, ¶ 13 n.2, 122 P.3d 628 (citation and internal quotation marks omitted). However, this remedy is not available to a defendant if relief is available to him or her under the Post-Conviction Remedies Act, as it still appears to be here. *Mardoniz-Rosado*, 2014 UT App 128, ¶ 13. Reliance on the "unusual circumstances" and "egregious injustice" exceptions is also premature because these remedies, if they survived the 2008 amendments to the Post-Conviction Remedies Act, are only available to a defendant when he or she is "otherwise ineligible to receive postconviction relief."[2] *Lucero v. Kennard*, 2005 UT 79,

---

2. As this court noted in *State v. Mardoniz-Rosado*,

> Because [the defendant] has raised his common law arguments prematurely, we need not address whether the 2008 amendments to the [Post-Conviction Remedies Act] and subsequent modifications to rule 65C have subsumed the powers [the defendant] has attempted to invoke. *See Winward v. State*, 2012 UT 85, ¶¶ 14, 19, 293 P.3d 259 (leaving open the question of "whether the [Post-Conviction Remedies Act] and [r]ule 65C now wholly accommodate the full measure of our constitutional authority or whether the Utah Constitution requires that we be able to consider, in some cases, the merits of claims otherwise barred by the [Post-Conviction Remedies Act]" ([second] alteration in original) (citation and internal quotation marks omitted)). *Winward v. State* also outlines the framework under which the supreme court might consider a claim that a

(continued...)

¶ 43, 125 P.3d 917 (discussing the unusual circumstances exception); *see also Winward v. State*, 2012 UT 85, ¶¶ 13–18, 293 P.3d 259 (discussing the egregious injustice exception). We therefore conclude, as did this court in *Mardoniz-Rosado*, that because Taufui has not yet sought relief under the Post-Conviction Remedies Act, his resort to these two remedies is unavailing. *See* 2014 UT App 128, ¶ 13. Thus, Taufui "is not entitled to pursue relief under any of the common law theories that he identifies." *See id.* ¶ 14. "Instead, he must seek post-conviction relief via the [Post-Conviction Remedies Act] and, should such relief be denied on procedural grounds, seek extraordinary relief and argue for the application of coram nobis principles or the unusual circumstances or egregious injustice exceptions." *See id.*

¶15   Alternatively, Taufui argues that the district court erred in refusing to reinstate his right to appeal under *Manning* and rule 4(f) of the Utah Rules of Appellate Procedure. "[A] criminal defendant claiming denial of the right to appeal must file a motion in the trial court for reinstatement of a denied right to appeal . . . , rather than under rule 65C and the Post-Conviction Remedies Act." *Manning*, 2005 UT 61, ¶ 1. This requirement is formalized in rule 4(f), which states, "Upon a showing that a criminal defendant was deprived of the right to appeal, the trial court shall reinstate the thirty-day period for filing a direct appeal." Utah R. App. P. 4(f). A defendant has been improperly denied the right to appeal if he or she has been "prevented in some meaningful way from proceeding with a first appeal of

---

(…continued)
> petitioner can seek relief under a common law exception to the [Post-Conviction Remedies Act].
> *See id.* ¶ 18.

2014 UT App 128, ¶ 14 n.8, 328 P.3d 864 (fifth alteration in original).

right." *Manning*, 2005 UT 61, ¶ 26 (citation and internal quotation marks omitted). Taufui argues that he was prevented from pursuing his first appeal of right because he was not properly advised of the timeframe for doing so by either trial counsel or the district court. But guilty pleas "operate[] as a waiver of the right to a direct appeal of the conviction on the crime charged." *State v. Coleman*, 2013 UT App 131, ¶ 3, 302 P.3d 860 (per curiam). Accordingly, "[i]f a defendant wishes to challenge a guilty plea on direct appeal, he must first move to withdraw the plea before the sentence is announced." *Id.* Because Taufui did not file a timely motion to withdraw his guilty plea, "this court would have no jurisdiction over an appeal of his convictions even if the time to file a direct appeal had been reinstated." *See id.* We therefore conclude that Taufui waived his right to a direct appeal by pleading guilty and has presented no grounds for a reinstatement of such a right under either *Manning* or rule 4(f).

¶16    We affirm.

———————