**2017 UT App 103**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
KEVIN MICHAEL SCOTT,
Appellant.

Opinion
No. 20130309-CA
Filed June 29, 2017

Fifth District Court, Cedar City Department
The Honorable G. Michael Westfall
No. 121500045

Matthew D. Carling, Attorney for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

JUDGE STEPHEN L. ROTH authored this Opinion, in which JUDGES
J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN concurred.

ROTH, Judge:

¶1      Kevin Michael Scott pleaded guilty to sexual abuse of a
child and possession or use of a controlled substance.[1] He
appeals, claiming that he received constitutionally ineffective
assistance of counsel prior to entering his plea, that the
sentencing court erred in failing to sua sponte revisit his plea
based on evidence of mental deficiency, and that the court failed
to properly consider mitigating factors when it sentenced him.
We affirm.

_____

1. Scott's convictions arose in separate cases below. We granted
his motion to consolidate them on appeal.

¶2      In 2011, a detective interviewed a young teenager at the local Children's Justice Center. The teenager disclosed that she had been involved in a sexual relationship with Scott when she was thirteen and he was eighteen. After learning that information, the detective brought Scott in for questioning about the relationship. Scott waived his *Miranda* rights, agreed to speak to the detective, and admitted to having sexual intercourse with the girl—then his girlfriend—on multiple occasions. The State charged Scott with rape of a child, a first degree felony.

¶3      While that charge was pending and he was out on bail, Scott failed to appear for a court hearing. The court therefore issued a bench warrant for Scott's arrest, and the next day an officer stopped Scott based on the warrant. Scott initially resisted arrest by running away, but the officer caught him. The officer conducted a pat down search and discovered several pills that later tested positive for morphine. The State charged Scott with possession or use of a controlled substance, enhanced to a second degree felony due to proximity to a child-care facility, failure to stop at the command of a police officer, a class A misdemeanor, and interference with an arresting officer, a class B misdemeanor. After he was again released on bail, Scott absconded to Washington and another warrant issued for his arrest. Scott was eventually found in Washington and returned to Utah for trial.

¶4      Scott agreed to plead guilty to sexual abuse of a child, a second degree felony, and possession or use of a controlled substance, a third degree felony, in return for dismissal of the remaining charges. At the plea hearing, the court went through a colloquy with Scott, who indicated that he had no mental or physical deficiencies that would interfere with his ability to enter a guilty plea. Scott also indicated that he understood his rights and the basis for the charges against him and that he was satisfied with the representation he had received from defense counsel. The court then heard the factual basis for both pleas, confirmed that Scott knew he would be giving up important

rights by pleading guilty, and explained that he would need to register as a sex offender for life. Finally, the court accepted both guilty pleas and found that they were "freely, knowingly, intelligently and voluntarily made with understanding."

¶5     At sentencing, the court relied on information from a number of sources, including a neuropsychological evaluation prepared by the defense and a presentence investigation (PSI) report prepared by the State. The neuropsychological evaluation summarized Scott's cognitive abilities as "impaired to low average." The PSI report detailed Scott's criminal and family histories and briefly described the results of the neuropsychological evaluation, a copy of which was attached to the report. After balancing "the safety of the community against the wants and needs of the defendant," the PSI report ultimately recommended that "imprisonment best suited the situation." The court also considered oral statements from Scott, the State, defense counsel, and Scott's mother and father, as well as written statements from other family members and friends. The statements focused on mitigating circumstances such as Scott's good nature and aptitude for rehabilitation. The court also heard statements which explained that Scott's diminished executive reasoning, as detailed in the PSI report, was the result of a traumatic brain injury he had suffered some years earlier. The court sentenced Scott to serve concurrent terms of one to fifteen years for sexual abuse of a child and zero to five years for possession or use of a controlled substance.

¶6     On appeal, Scott argues that he received ineffective assistance of counsel because his attorney did not move to suppress the controlled-substance evidence on Fourth Amendment grounds. Scott also argues that, because the PSI report and neuropsychological evaluation indicated he had impaired cognitive abilities, the sentencing court committed plain error when it failed to reexamine sua sponte whether Scott's guilty plea was knowing and voluntary.

¶7    Our jurisdiction to consider these arguments is governed by the procedural posture of this case. The Utah Constitution provides that the accused generally has "the right to appeal in all cases." Utah Const. art. I, § 12. The right to appeal is not absolute, however, because "guilty pleas operate as a waiver of the right to a direct appeal of the conviction on the crime charged." *State v. Taufui*, 2015 UT App 118, ¶ 15, 350 P.3d 631 (brackets, citation, and internal quotation marks omitted). "If a defendant wishes to challenge a guilty plea on direct appeal, he must first move to withdraw the plea . . . ." *State v. Coleman*, 2013 UT App 131, ¶ 3, 302 P.3d 860 (per curiam). "If a defendant does not move to withdraw the plea, the only direct appeal available is the residual right to appeal the sentence." *State v. Nicholls*, 2017 UT App 60, ¶ 20. Indeed, failure to seek to withdraw a guilty plea creates a bar that prohibits this court from reviewing on direct appeal the plea itself or any proceeding that led to it. *See State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344 ("[F]ailure to withdraw a guilty plea within the time frame dictated by [Utah's plea withdrawal statute] deprives the trial court and appellate courts of jurisdiction to review the validity of the plea.").

¶8    In this case, Scott challenges his convictions for crimes he pleaded guilty to. Because he never moved to withdraw his plea, we lack jurisdiction to consider any challenge not directed at the sentence he received. *See id.* That rule applies regardless of the nature of the errors—here, ineffective assistance of counsel and plain error—that Scott alleges occurred below. In *State v. Rhinehart*, our supreme court explained that, "by pleading guilty, the defendant . . . waives all nonjurisdictional defects, including alleged pre-plea constitutional violations." 2007 UT 61, ¶¶ 14–15, 167 P.3d 1046 (citation and internal quotation marks omitted) (rejecting on jurisdictional grounds an ineffective assistance of counsel claim raised on direct appeal following a guilty plea). And in *State v. Reyes*, the supreme court made clear that an appellate court cannot "use plain error to reach an issue over which it has no jurisdiction." 2002 UT 13, ¶ 4, 40 P.3d 630. These

principles control our decision—we are powerless to address either of Scott's first two arguments on appeal.

¶9      Scott's remaining claim relates to his sentence, which we do have jurisdiction to review. *See Nicholls*, 2017 UT App 60, ¶ 20. He argues that the court "failed to take into consideration the mitigating circumstances of Scott's mental competency and [brain] injury" when it sentenced him. In support of his argument, Scott contends that, even though the "court [had] ample time to review [the] PSI and the Neuropsychological Evaluation," "at sentencing it was clear that the court had taken none of [the mitigating circumstances from] the report[s] into consideration." As proof, he focuses on the sentencing court's statement that, but for Scott's young age, "this would [have been] a really easy case" to sentence. As we understand it, Scott contends that this statement shows that the court ignored all mitigating factors other than the defendant's age.

¶10     We afford the sentencing court wide latitude and will reverse a sentencing decision "only if it is an abuse of the judge's discretion." *State v. Moa*, 2012 UT 28, ¶ 34, 282 P.3d 985 (citation and internal quotation marks omitted). A sentence constitutes an abuse of discretion when the sentencing court "fails to consider all legally relevant factors, or . . . the sentence imposed is clearly excessive." *LeBeau v. State*, 2014 UT 39, ¶ 16, 337 P.3d 254 (citation and internal quotation marks omitted). We will thus find an abuse of discretion only if "no reasonable person would take the view adopted by the district court." *State v. Monzon*, 2016 UT App 1, ¶ 8, 365 P.3d 1234 (brackets, citation, and internal quotation marks omitted). Further, this court generally presumes that the sentencing court "made all the necessary considerations when making a sentencing decision." *Moa*, 2012 UT 28, ¶ 35. "Although courts must consider all legally relevant factors in making a sentencing decision, not all aggravating and mitigating factors are equally important, and one factor in mitigation or aggravation may weigh more than several factors on the opposite scale." *State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d

17 (brackets, citation, and internal quotation marks omitted), *abrogated on other grounds as recognized by State v. Lowther*, 2017 UT 24.

¶11 The district court here did not make detailed findings of fact regarding the mitigating circumstances that Scott focuses on, but the record is clear that it considered mitigation broadly, including mental deficiency concerns. Indeed, the court brought up and investigated the possibility of reducing the severity of Scott's conviction under Utah Code section 76-3-402, a process known as a 402 reduction. After noting "that there are some instances where a 402 reduction sua sponte by the Court is not permitted," the court asked the State, "Is there any law that would prohibit me from reducing this second-degree felony to a third-degree felony for purposes of sentencing that you're aware of?" To answer the question, the State and the court analyzed the statute. The court ultimately determined that a reduction was not available for convictions, like Scott's, that require lifetime registration as a sex offender. *See* Utah Code Ann. § 76-3-402(7)(b) (LexisNexis 2012). The court thus considered but was legally barred from reducing Scott's conviction for sentencing purposes.

¶12 With that option for a reduced level of crime foreclosed, the court sentenced Scott in accord with the PSI report's recommendation that he be committed to prison. In support of its decision, the court stated that Scott's "casting the blame on the 13-year-old cause[d the court] a lot of concern." The court also responded to the neuropsychological evaluation, particularly regarding Scott's IQ, stating that the court did not "get the impression that [Scott was] struggling intelligence-wise," and that he "[wrote] well" and "express[ed himself] well." And in conversation with Scott, the judge acknowledged the difficulty of the situation: "I wish I had more [sentencing] option[s] available to me. I do not believe that you are an appropriate candidate for probation. I think you're a threat to . . . society for a number of reasons." In addition to sentencing Scott

to prison, the court assessed a fine for the sexual abuse conviction. However, it ordered that Scott pay no fine for his drug conviction. The court also ordered that Scott serve the two sentences concurrently and recommended he receive credit for time served. Based on the court's inability to reduce Scott's conviction and its determination that Scott was not a good candidate for probation, the court's sentencing decision was not clearly excessive. *See LeBeau*, 2014 UT 39, ¶ 16.

¶13　Nor can we conclude that the district court failed to take into account the relevant factors in determining Scott's sentence. The court had substantial information in the form of a PSI report, a neuropsychological evaluation, letters and statements from Scott and his family members, and arguments of his counsel that addressed in some detail the mitigating factors that Scott claims on appeal the district court ignored, including Scott's diminished mental capacity. We presume that the court fully considered all the information presented to it, *see Moa*, 2012 UT 28, ¶ 35, and Scott has not persuaded us that the presumption is undermined by the record in this case, which does not support Scott's argument that the court failed to consider any mitigation other than his age.

¶14　In *State v. Cline*, 2017 UT App 50, this court rejected arguments that the sentencing court either "failed to consider [mitigating] factors" or "improperly weighed the aggravating and mitigating factors." *See id.* ¶¶ 8–11. We concluded that, because the mitigating factors were discussed at the sentencing hearing, "[t]o the extent [the appellant] argues the court did not consider these factors, this is inaccurate." *Id.* ¶ 9. We also noted that any argument "that the district court improperly weighed the aggravating and mitigating factors" appeared to be a "disagreement with the court's balancing efforts." *Id.* ¶ 10. We then held that "the court acted well within its discretion" when it "gave more weight to the aggravating factors presented during the sentencing hearing." *See id.* ¶¶ 10–11.

¶15    As in *Cline*, Scott appears to take issue with how much weight the court assigned to the various mitigating factors before it, contending that Scott's diminished mental capacity was more important to the sentencing decision than the court gave it credit. However, a disagreement with the court on the appropriate weight for a given factor does not show an abuse of discretion because "one factor in mitigation or aggravation may weigh more than several factors on the opposite scale." *See id.* ¶ 10 (brackets, citation, and internal quotation marks omitted). Here, the record demonstrates that the court was aware of mitigating factors from the written documents and the positive statements it received about Scott from his family and friends. And particularly because the sentencing court was open to reducing the severity of Scott's sentence—it brought up the possibility of a 402 reduction on its own—we can safely infer that it considered those mitigating factors. Against that backdrop, Scott's concern for the court's statement that, but for Scott's young age, "this would [have been] a really easy case" takes on different light. In the context of the sentencing hearing as a whole, the court's statement about Scott's age is reasonably read as an indication that the court found age to be the most important mitigating factor, not as an indication that the court ignored all other mitigating factors. Scott thus has not persuaded us that the sentencing court failed to properly consider mitigating factors, *see id.* ¶¶ 10–11, and we cannot say that no reasonable person would take the view adopted by the sentencing court, *see State v. Monzon*, 2016 UT App 1, ¶ 8, 365 P.3d 1234.

¶16    We conclude that we do not have jurisdiction to consider Scott's ineffective assistance of counsel and plain error claims on direct appeal, and he has not persuaded us that the court abused its discretion in sentencing him. Affirmed.

—————