2016 UT App 95

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JESSE A. SAENZ,
Appellant.

Memorandum Decision
No. 20141148-CA
Filed May 12, 2016

Eighth District Court, Vernal Department
The Honorable Clark A. McClellan
No. 121800390

Colleen K. Coebergh, Attorney for Appellant

Sean D. Reyes and Lindsey Wheeler, Attorneys
for Appellee

SENIOR JUDGE PAMELA T. GREENWOOD authored this
Memorandum Decision, in which JUDGES STEPHEN L. ROTH and
MICHELE M. CHRISTIANSEN concurred.[1]

GREENWOOD, Senior Judge:

¶1      Jesse Saenz appeals his sentence, arguing that the trial court abused its discretion when it denied his motion to withdraw his guilty plea, which he filed after imposition of sentence. We affirm.

¶2      Saenz followed H.M. after they both got off a bus; broke her cell phone as she was dialing 911; and brutally beat, raped,

---

1. Senior Judge Pamela T. Greenwood sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

and sodomized her after dragging her by the hair across the street behind some bushes. Bystanders heard H.M. screaming—despite Saenz's warning that he would kill her if she screamed—and called the police. Saenz stopped his attack only when he saw officers and then attempted to flee the scene. Saenz was apprehended and charged with aggravated sexual assault, object rape, forcible sodomy, forcible sexual abuse with injury, and aggravated kidnapping, along with several lesser charges. The State agreed to drop all but one of the charges and to recommend a 15-year-to-life prison sentence in exchange for Saenz pleading guilty to one count of aggravated sexual assault. At the plea hearing, Saenz pleaded guilty as agreed, and the State recommended a sentence of 15-years-to-life.

¶3     At sentencing, Saenz confirmed his guilty plea and the State recommended the agreed upon 15-years-to-life sentence. But the prosecutor drew the district court's attention to Saenz's two prior juvenile court adjudications for sexual assault and to section 76-3-407 of the Utah Code, which authorizes a district court to enhance penalties for repeat sex offenders. *See* Utah Code Ann. § 76-3-407(2) (LexisNexis 2012). The prosecutor urged "the [court] . . . to consider that [section] when examining this case." Saenz's victim, H.M., also addressed the court. She stated that she had "experienced the most cruel, vicious evil that there is in the world" and asked the court to "give [Saenz] the maximum." The district court then asked Saenz if there was "any reason" why it "shouldn't pronounce sentence at this time." His counsel responded, "There's not, your Honor." The court noted that the minimum punishment for aggravated sexual assault is 15-years-to-life but determined that under section 76-3-407 it could impose an additional ten years because of the two juvenile court adjudications. Accordingly, it sentenced Saenz to 25-years-to-life.

¶4     One week after sentencing, Saenz petitioned the district court to correct his sentence and to allow him to withdraw his

guilty plea. He argued that a juvenile court adjudication is not a "conviction" for purposes of sentencing enhancements under section 76-3-407 of the Utah Code, and that the State breached the plea agreement when it argued that the district court should consider sentencing enhancements for his prior juvenile adjudications. The State agreed that Saenz's prior juvenile adjudications could not support enhancement under section 76-3-407, but maintained that it did not breach its agreement in bringing section 76-3-407 to the district court's attention. At a subsequent hearing, the district court determined that Saenz's sentence was improperly enhanced and amended it to reflect the 15-years-to-life sentence that Saenz had bargained for and that the State had agreed to recommend. It denied Saenz's request to withdraw his guilty plea because, even if the prosecutor had breached the plea agreement, the court "did not believe [that] . . . the outcome would be any different" and because "what ultimately happen[ed] here is exactly what would have happened anyway."

¶5     On appeal, Saenz asks this court to vacate the district court's order denying his motion to withdraw his guilty plea, arguing that the denial was an abuse of discretion because the State breached its plea agreement. In response, the State argues that the district court "lacked jurisdiction to allow [Saenz] to withdraw his guilty plea" because "he moved to withdraw his plea after sentence was announced." We agree with the State.

¶6     A motion to withdraw a guilty plea is untimely if made after sentence is announced; this is a jurisdictional bar. Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2012) ("A request to withdraw a plea of guilty or no contest . . . shall be made by motion before sentence is announced."); *State v. Ott*, 2010 UT 1, ¶ 18, 247 P.3d 344 ("[F]ailure to withdraw a guilty plea within the time frame dictated by section 77-13-6 deprives the trial court and appellate courts of jurisdiction to review the validity of the plea." (alteration in original)); *State v. Taufui*, 2015 UT App 118,

¶ 8, 350 P.3d 631 ("'[S]ection 77-13-6(2)(b) is indeed jurisdictional.'" (citation omitted)). And "failure to comply with [section 77-13-6's] requirements extinguishes a defendant's right to challenge the validity of the guilty plea on appeal." *Grimmett v. State*, 2007 UT 11, ¶ 8, 152 P.3d 306 (citation and internal quotation marks omitted); *see State v. Mardoniz-Rosado*, 2014 UT App 128, ¶¶ 5–6, 328 P.3d 864. As a consequence, a postsentencing challenge to a guilty plea must be brought under Utah's Post-Conviction Remedies Act (PCRA). *Taufui*, 2015 UT App 118, ¶ 8 ("If a motion to withdraw a plea is not made before sentencing, [a]ny challenge to a guilty plea . . . shall be pursued under . . . [the] Post-Conviction Remedies Act." (alterations and omissions in original) (citations and internal quotation marks omitted)); *see also State v. Nicholls*, 2006 UT 76, ¶¶ 6–7, 148 P.3d 990. Here, because Saenz made his motion to withdraw his plea after sentencing, the district court did not have jurisdiction to consider it.

¶7    Furthermore, "when a plea agreement is breached by the prosecutor, the proper remedy is either specific performance of the plea agreement or withdrawal of the guilty plea[,] both at the discretion of the trial judge." *State v. Smit*, 2004 UT App 222, ¶ 17, 95 P.3d 1203. The district court in effect granted Saenz the only alternative remedy available to him—specific performance—by resentencing him without the prior-conviction enhancements to the 15-years-to-life he had bargained for. Thus, the district court did not abuse its discretion when it imposed on Saenz the sentence he had agreed to.

¶8    Despite the untimeliness of Saenz's motion to withdraw his plea, however, the district court had the authority to "correct an illegal sentence . . . at any time." Utah R. Crim. P. 22(e). Saenz's enhanced sentence was illegal because the enhancement statute did not apply to his juvenile court adjudications. *See* Utah Code Ann. § 78A-6-116(2) (LexisNexis 2012) ("An adjudication . . . is not considered a conviction of a

crime . . . ."); *see also State v. Yazzie*, 2009 UT 14, ¶ 13, 203 P.3d 984 ("[An illegal sentence is] . . . a sentence which the judgment of conviction did not authorize." (alteration in original) (citation and internal quotation marks omitted)). The district court did— as it ought to have done—correct the illegal sentence it had erroneously imposed when it amended Saenz's sentence from 25-years-to-life to 15-years-to-life.

¶9 The district court did not have jurisdiction to consider Saenz's motion to withdraw his guilty plea; it did, however, appropriately correct Saenz's sentence after its illegality was brought to the court's attention. By doing so, the district court provided Saenz with the only remedy available for an alleged breach of the plea agreement. Accordingly, we affirm.

———————