2020 UT App 106

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
JAMES PAUL FEATHERSTON,
Appellant.

Opinion
No. 20180290-CA
Filed July 9, 2020

Third District Court, Salt Lake Department
The Honorable Randall N. Skanchy
No. 161906299

Emily Adams, Attorney for Appellant

Sean D. Reyes and John J. Nielsen, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion, in which JUDGES GREGORY K. ORME and KATE APPLEBY concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     James Paul Featherston pleaded guilty to aggravated kidnapping, and the district court sentenced him to fifteen years to life in prison. During the sentencing hearing, the State breached the plea agreement. Featherston appealed. On appeal, the State conceded the breach, and the parties requested remand for resentencing before a new district court judge. Accordingly, this court remanded the case to the district court for that purpose. On remand, Featherston moved to withdraw his guilty plea; the court denied that motion and again imposed a sentence of fifteen years to life. Featherston again appeals, this time arguing his prior appellate counsel performed deficiently by agreeing to resentencing as the correct remedy for the State's breach instead of requesting remand to seek plea withdrawal.

Featherston seeks reversal under this claim of ineffective assistance of counsel. Alternatively, he argues that the sentencing court erred in considering this court's prior order as mandating only resentencing when two possible remedies for the State's breach were available to Featherston on remand. Because Utah's Plea Withdrawal Statute applies and bars appellate review of Featherston's claims of error, we affirm his conviction and sentence.

BACKGROUND

¶2 The State charged Featherston with aggravated kidnapping, aggravated abuse of a vulnerable adult, obstruction of justice, and criminal mischief. After his victim (Victim) testified at the preliminary hearing, Featherston and the State entered into a plea agreement. As part of that agreement, Featherston pleaded guilty to aggravated kidnapping, and in return, the State dismissed the remaining three charges and agreed to recommend a sentence of six years to life in prison, as opposed to the statutory fifteen years to life. During the sentencing hearing, the State emphasized the "depravity" of Featherston's crime and argued that the plea agreement was "against [the State's] better judgment." The State further alleged Featherston "violated the protective order" in favor of Victim and "sent his former cell mate to visit her to shake her down." Despite the State's "recommendation" of six years to life in prison, the district court imposed a prison sentence of fifteen years to life. Featherston appealed, alleging that the district court abused its discretion by imposing a clearly excessive sentence and that the State breached the plea agreement.

¶3 In the first appeal, the State conceded that it breached the agreement by undercutting its purported recommendation with its ancillary commentary, and Featherston withdrew his abuse of discretion claim. Pursuant to a stipulation between Featherston and the State, this court issued an order reversing Featherston's

sentence and remanding the case to the district court for resentencing before a new judge.

¶4 Back before the district court, citing this court's decision in *State v. Smit*, 2004 UT App 222, 95 P.3d 1203, Featherston moved to withdraw his guilty plea. He argued that when the State breaches a plea agreement, the district court has discretion to determine whether specific performance of the plea agreement or withdrawal of the guilty plea is the appropriate remedy for the State's breach. In support of his motion, Featherston alleged that the State improperly pressured Victim and Featherston's grandparents, which pressure he claimed forced him to plead guilty. Victim also recanted her preliminary hearing testimony, claimed she was unsure whether Featherston was her attacker, and supported Featherston's allegation of prosecutorial pressure.

¶5 At the new sentencing hearing, the court denied Featherston's motion to withdraw his guilty plea, explaining that under the mandate rule,[1] "the appeal addressed only the sentence." The court noted that (1) "the mandate from the Court of Appeals was [that Featherston was] 'entitled to a new sentencing hearing'"; (2) "the language of the [Court of Appeals' order] itself is clear, come back for sentencing before another judge"; and (3) the parties had stipulated to the resentencing.

¶6 Before imposing Featherston's sentence, the sentencing court "asked for mitigation" but, having heard from Victim and Featherston, determined that nothing presented during the hearing "suggest[ed] mitigation." Instead, the court noted

---

1. "The mandate of an appellate court binds the district court and the parties and affords the district court no discretion whether to comply with that mandate." *Utah Dep't of Transp. v. Ivers*, 2009 UT 56, ¶ 8, 218 P.3d 583.

"aggravating circumstances" and that "[t]he offense caused substantial physical and psychological injury to [Victim]. It was characterized by extreme cruelty and depravity." The court stated that Featherston did not admit guilt or show "remorse or contriteness, but rather defiance," and it consequently found no evidence to support deviation from the statutory "presumption of 15 years to life." The court then imposed the original sentence of fifteen years to life in prison. Represented by new appellate counsel, Featherston again appeals.

ISSUES AND STANDARDS OF REVIEW

¶7     Featherston raises two main issues on appeal. First, he argues his prior appellate counsel was ineffective for not seeking plea withdrawal as a remedy for the State's breach when he and the State stipulated to remand. An ineffective-assistance-of-counsel claim raised for the first time on appeal presents a question of law. *Layton City v. Carr*, 2014 UT App 227, ¶ 6, 336 P.3d 587.[2]

---

2. Featherston also argues that the exceptional circumstances doctrine should be applied to allow him to withdraw his guilty plea. But the exceptional circumstances doctrine is an exception to the preservation rule; it is reserved "for the most unusual circumstances where our failure to consider an issue . . . would have resulted in manifest injustice" and allows an appellate court to reach the merits of an unpreserved issue only when "a rare procedural anomaly has either prevented an appellant from preserving an issue or excuses a failure to do so." *State v. Brown*, 2019 UT App 122, ¶ 24, 447 P.3d 1250 (quotation simplified). The exceptional circumstances doctrine does not provide an alternative remedy or avenue for Featherston to seek withdrawal of his guilty plea in this case.

¶8      Second, Featherston alleges that the district court incorrectly applied the mandate rule after this court returned the case to the district court for resentencing. "We review the application of the mandate rule for correctness." *Fish v. Fish*, 2016 UT App 125, ¶ 10, 379 P.3d 890.[3]

ANALYSIS

## I. Ineffective Assistance of Appellate Counsel

¶9      Featherston asserts that his former appellate counsel was ineffective for failing to request plea withdrawal as a remedy for the State's breach of the plea agreement. To succeed on a claim of ineffective assistance of counsel, the appellant must show both objectively deficient performance of counsel and that the deficient performance prejudiced the appellant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Featherston's ineffective assistance claim hinges on his assertion that Utah's Plea Withdrawal Statute, *see* Utah Code Ann. § 77-13-6 (LexisNexis 2017), does not apply when the State breaches a plea agreement and that his prior appellate counsel should therefore have requested a remand for plea withdrawal rather than

---

3. Featherston also asks this court to remand the case to the district court pursuant to rule 23B of the Utah Rules of Appellate Procedure so that letters he sent to his prior counsel can be made part of the record to support his claim of ineffective assistance of appellate counsel. *See* Utah R. App. P. 23B. In those letters, Featherston allegedly asked prior appellate counsel to pursue a remedy of plea withdrawal. But because we determine that resentencing was Featherston's only option on remand from the first appeal, *see infra* ¶¶ 9–12, supplementing the record with letters could not "support a determination that counsel was ineffective," and we therefore deny Featherston's rule 23B motion. *See* Utah R. App. P. 23B(a).

resentencing. We disagree and hold that the Plea Withdrawal Statute applies to all plea withdrawals and limits a defendant who has not timely moved to withdraw a plea to challenging that guilty plea or the denial of a plea withdrawal request through post-conviction proceedings. *See State v. Badikyan*, 2020 UT 3, ¶ 17, 459 P.3d 967; *State v. Flora*, 2020 UT 2, ¶ 26, 459 P.3d 975. And because Featherston did not comply with the Plea Withdrawal Statute by moving to withdraw his guilty plea before he was sentenced originally, the statute prevents this court from considering his challenge to his guilty plea on appeal and resolves the issue of whether his appellate counsel rendered deficient performance.

¶10   Through the Plea Withdrawal Statute, our legislature has dictated that a plea of guilty may be withdrawn "only upon leave of the court and a showing," "before sentence is announced," "that [the plea] was not knowingly and voluntarily made." Utah Code Ann. § 77-13-6(2)(a)–(b). Once a defendant has been sentenced, the statute expressly states that any challenge to a guilty plea may be pursued only under the Post-Conviction Remedies Act (PCRA). *Id.* § 77-13-6(2)(c). Precedent from our supreme court supports this conclusion. *See Flora*, 2020 UT 2, ¶ 12 ("Any challenge to a guilty plea that does not meet [the] requirements [of the Plea Withdrawal Statute] must be pursued under the [PCRA] . . . ." (quotation simplified)); *State v. Allgier*, 2017 UT 84, ¶¶ 14, 18, 416 P.3d 546 (explaining that "the Plea Withdrawal Statute limits a defendant's right to appeal by requiring the defendant to either withdraw the plea prior to sentencing, or pursue postconviction relief after sentencing," and that "the plain language of the current Plea Withdrawal Statute explicitly provides the procedural roadmap for post-sentencing motions to withdraw a plea—and that is through postconviction relief" (quotation simplified)).

¶11   Thus, there is a fundamental problem with Featherston's assertion that his prior appellate counsel was ineffective for not

demanding the option of plea withdrawal as a remedy for the State's breach of the plea agreement: because Featherston did not seek to withdraw his plea before he was sentenced, the district court could have no jurisdiction to consider a motion to withdraw the plea on remand. *See Grimmett v. State*, 2007 UT 11, ¶ 24, 152 P.3d 306 (determining that a district court lacks jurisdiction to consider a defendant's untimely motion to withdraw his guilty plea on resentencing); *State v. Saenz*, 2016 UT App 95, ¶ 6, 373 P.3d 220 ("[B]ecause [the appellant] made his motion to withdraw his plea after sentencing, the district court did not have jurisdiction to consider it."). Rather, any challenge to the plea would have had to be pursued in post-conviction proceedings. *See* Utah Code Ann. § 77-13-6(2)(c) (stating that any challenge to a guilty plea made after sentencing must be pursued under the PCRA); *see also Gailey v. State*, 2016 UT 35, ¶ 20, 379 P.3d 1278 ("We therefore reaffirm our prior caselaw holding that after sentencing is entered, a defendant may not file a motion to withdraw a guilty plea or directly appeal the plea, but must pursue postconviction relief through the PCRA . . . ."). Consequently, specific performance was the only procedural option Featherston's counsel could ask this court to order in remanding the case. Any request from appellate counsel for a remedy of plea withdrawal would have been futile because we could not order a remedy the district court lacked jurisdiction to entertain. *See State v. Nicholls*, 2017 UT App 60, ¶ 21, 397 P.3d 709 ("[A] defendant has only a finite window of time during which to seek plea withdrawal, and missing the window divests the defendant of the right to appeal anything but the sentence itself."); *see also State v. Perez-Avila*, 2006 UT App 71, ¶ 7, 131 P.3d 864 ("It is well settled that counsel's performance at trial is not deficient if counsel refrains from making futile objections, motions, or requests.").

¶12 That the State breached the plea agreement at the original sentencing hearing does not provide Featherston a post-sentencing avenue to seek withdrawal of his guilty plea.

Although a defendant "has a constitutional right to a remedy" if the State breaches a plea agreement, *State v. Smit*, 2004 UT App 222, ¶ 9, 95 P.3d 1203, the appropriate remedy will depend on the circumstances of each case, *see Santobello v. New York*, 404 U.S. 257, 263 (1971) ("The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide wh[at] the circumstances of this case require . . . .").[4] Here, the plain language of the Plea Withdrawal

---

4. Featherston asserts that *State v. Saenz*, 2016 UT App 95, 373 P.3d 220, was incorrectly decided and that we should overrule it. But *Saenz* was neither incorrectly decided nor inconsistent with *State v. Smit*, 2004 UT App 222, 95 P.3d 1203. Like Featherston, Saenz pleaded guilty in exchange for the prosecutor's recommendation at sentencing. *See Saenz*, 2016 UT App 95, ¶ 2. At sentencing, the prosecutor made the agreed recommendation but then drew the court's attention to prior juvenile adjudications that seemed to require an enhanced sentence. *Id.* ¶ 3. The court sentenced Saenz to an enhanced sentence, and Saenz later sought to withdraw his guilty plea, arguing that the enhanced sentence was not correctly imposed. *Id.* ¶¶ 3–4. The sentencing court agreed with Saenz that it erred in imposing an enhanced sentence but denied as untimely his motion to withdraw his guilty plea. *Id.* ¶ 4. On appeal, this court agreed that the enhanced sentence was illegal and that Saenz had timely pursued correction of the sentence under rule 22(e) of the Utah Rules of Criminal Procedure, *id.* ¶ 8, but it upheld the denial of the motion to withdraw as untimely "because Saenz made his motion to withdraw his plea after sentencing [and] the district court did not have jurisdiction to consider it," *id.* ¶ 6. Here, the sentence imposed by the sentencing court was not illegal and not subject to correction under rule 22. *See* Utah R. Crim. P. 22(e).

In addition, Featherston suggests that *Saenz* is inconsistent with *Smit*, wherein the defendant moved to withdraw his plea after sentence was imposed and this court concluded that "when

(continued…)

Statute requires a defendant to make the motion for plea withdrawal before the court announces sentence. *See* Utah Code Ann. § 77-13-6(2)(b) ("A request to withdraw a plea of guilty or no contest . . . shall be made by motion before sentence is announced. Sentence may not be announced unless the motion is denied.").[5] And our supreme court has repeatedly held that the Plea Withdrawal Statute imposes a jurisdictional bar and does

---

(…continued)
a plea agreement is breached by the prosecutor, the proper remedy is either specific performance of the plea agreement or withdrawal of the guilty plea both at the discretion of the trial judge. Accordingly, if the prosecutor in the instant case had breached the plea agreement, we would remand to the trial court for a determination of the appropriate remedy." *Smit*, 2004 UT App 222, ¶ 17. But *Smit* was decided under a prior version of the Plea Withdrawal Statute, which had a different deadline to seek withdrawal (within 30 days after sentencing) and a different standard for granting withdrawal (good cause). *See id.* ¶¶ 18, 26. In any event, the *Smit* court determined that the prosecutor did not breach the plea agreement, so any discussion of plea withdrawal was not necessary to the court's decision. *Id.* ¶ 17.

5. Featherston argues that applying the requirements of the Plea Withdrawal Statute to plea breach situations will require a defendant to be omniscient, requiring a defendant to seek withdrawal of a guilty plea before the breach even occurs. To the contrary, those participating in the sentencing hearing are in the best position to recognize a breach *as* it occurs. That is, trial counsel is in the best position to recognize if the State is not undertaking the agreed commitments, and the district court is in the best position to consider the merits of a plea withdrawal request and the appropriate remedy if a breach has occurred, having just observed the actions and recommendations of both parties *before* imposing sentence.

not allow defendants to work around this jurisdictional bar through the exceptions to preservation or through other means. *See Allgier*, 2017 UT 84, ¶ 26 ("The [Plea Withdrawal Statute] speaks directly and comprehensively to the result of failure to move to withdraw prior to sentencing. . . . Any challenge to a guilty plea not made within the time period specified in Subsection (2)(b) shall be pursued under the [PCRA]." (quotation simplified)). Accordingly, even in the instance of the State's breach, because Featherston did not seek to withdraw his guilty plea before he was sentenced, the district court did not have jurisdiction to consider his motion to withdraw his plea later, and his appellate counsel was limited to seeking specific performance on remand. Thus, counsel was not deficient in stipulating to that remedy, and Featherston's ineffective-assistance-of-counsel challenge accordingly fails. *See Strickland*, 466 U.S. at 687 (stating that ineffective assistance requires a showing of deficient performance and prejudice). Featherston must pursue any challenge to his guilty plea through the PCRA.

## II. Mandate Rule

¶13 Alternatively, Featherston argues that we should direct the district court to read the mandate from this court's prior order to allow *either* withdrawal of his guilty plea or resentencing before a new district court judge. Featherston argues that this court's prior order should be read to include the ability to withdraw his guilty plea because under *Santobello v. New York*, 404 U.S. 257 (1971), the remedy for prosecutorial breach of a plea agreement is withdrawal of the plea or resentencing. *Id.* at 263.

¶14 "The mandate rule, unlike the law of the case before a remand, binds both the district court and the parties to honor the mandate of the appellate court. The mandate is also binding on the appellate court should the case return on appeal after remand." *IHC Health Services, Inc. v. D & K Mgmt., Inc.*, 2008 UT

73, ¶ 28, 196 P.3d 588 (quotation simplified). When Featherston appealed his first sentence after the State breached the plea agreement, both parties moved for remand and stipulated to the appropriate remedy: resentencing before a new district court judge. Based upon the stipulation, this court issued an order that granted the parties' joint motion for summary reversal of Featherston's sentence and remanded the case to a different district court judge for resentencing. Prior to resentencing, Featherston moved to withdraw his guilty plea, but the district court declined to grant that motion, citing our rather specific order and the mandate rule. Our mandate was limited to resentencing not as an exercise of discretion, but because resentencing (without the option to move for withdrawal of the plea) was the only statutory option available to the district court. At the time Featherston moved to withdraw his plea post-remand, he had already been sentenced. And although we reversed the sentence he had received and remanded for resentencing so that Featherston was allowed to receive the benefit of the bargain he had struck with the State, our order to that effect did not restart the period allowed for plea withdrawal or provide him with an opportunity to challenge his guilty plea. *See Grimmett v. State*, 2007 UT 11, ¶ 24, 152 P.3d 306 (holding that a resentencing order did not reopen the window for a defendant to seek to withdraw a guilty plea after the jurisdictional deadline had passed); *see also State v. Samul*, 2015 UT App 23, ¶ 26, 343 P.3d 719 ("Consequently, 'a successful motion under rule 22(e) may have the effect of undoing the sentence, but it will not vest the defendant with new opportunities to challenge his case in ways unrelated to sentencing.'" (quoting *State v. Smith*, 2012 UT App 247, ¶ 10, 286 P.3d 314)). The district court was not so much limited by our mandate as by the parameters of the Plea Withdrawal Statute, which our mandate merely reflected as Featherston's only available course of action. Thus, we find no fault in the district court's decision to follow that direction.

CONCLUSION

¶15 Because Featherston did not seek to withdraw his guilty plea before he was first sentenced based on the State's breach, the Plea Withdrawal Statute prevents this court from considering the challenge to his guilty plea on appeal and resolves the issue of whether his appellate counsel rendered deficient performance. Moreover, the district court appropriately followed our mandate in resentencing Featherston after his case was remanded. Affirmed.

———————